# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

73
.e77  395  1

LITTLE ROCK & HOT SPRINGS WESTERN RAILROAD COMPANY *v.*
NEWMAN.

## Opinion delivered November 5, 1904.

1. PUBLIC RIGHT—OBSTRUCTION—PRIVATE ACTION.—No private action on account of an act obstructing a public and common right will lie for damages of the same kind as those sustained by the general public, even though the inconvenience and injury to the plaintiff be greater in degree than to other members of the public; but an action will lie for peculiar or special damage of a kind different from that suffered by the general public, even though such damage be small, or though it be not confined to plaintiff, but be suffered by many others. (Page 3.)

2. HIGHWAY — OBSTRUCTION — SPECIAL DAMAGE.— A landowner whose property does not abut upon a railroad track, and is not rendered inaccessible by such track, cannot recover damages occasioned by the railroad being built along a highway leading from such property, as the injury suffered is common to the general public. (Page 4.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

Reversed

### STATEMENT BY THE COURT.

Z. T. Raulston was the owner of certain town lots in the city of Hot Springs and a tract of land in the country upon which he lived. The defendant, the Little Rock & Hot Springs Western

Railroad Company, constructed its railroad across Border street, where it intersected with Valley street, and along Valley street across Grand avenue to where Valley street intersects with Market street, and also constructed a side track on a portion of Elm street. The property of Raulston does not abut on any portion of these streets where the railroad is built in the streets. A portion of his property is in the country some distance from the tracks of the railroad above referred to. One lot abuts on Grand avenue, some hundred or two feet from where the railroad crosses that avenue on a level with the street. Other of his lots abut on Hale street, which is not touched by the railroad, and three lots abut on Valley street, some two blocks, or about six hundred feet, from where the railroad first touches that street. Raulston brought an action against the company to recover $1,500 damages, which he alleges were caused to his property by reason of the fact that the defendant had constructed its tracks across and along the streets named.

The company filed an answer, denying that plaintiff had been damaged, or that it was in any way liable for the injury alleged. On the trial the circuit court held that the proof did not show any injury to the land in the country, but submitted to the jury the question of injury to the town lots, which returned a verdict in favor of plaintiff for the sum of $150.

The defendant appealed. After the judgment below the plaintiff died, and the action has been revived in the name of H. C. Newman, his administrator.

*Dodge & Johnson,* for appellant.

The rule as to damages, where the injury is not necessarily permanent, is measured by the injury to the use or depreciation in the rental value of the land. 57 Ark. 399, 521. Where the injury is permanent, the measure of damages is the diminished value of the land. 35 Ark. 622; 52 Ark. 240. The verdict was without facts to sustain it. 1 Greenl. Ev. § 440; 98 N. Y. 645; 40 Cal. 396; 5 Abb. Pr. 327; 30 Wis. 316; 38 Kan. 540; 56 Ark. 617. The amount of damages was a question for the jury. 67 Ark. 375; 72 S. W. 575. The undisputed testimony of appellant shows beyond dispute that the property was not impaired in value. Pierce, Rds. 174; 39 Ark. 172.

RIDDICK, J., (after stating the facts.) This is an action by an owner of town lots in the city of Hot Springs against the defendant company to recover damages for an injury which plaintiff claims was caused to his property by the act of defendant in constructing its railroad along and across certain streets of the city.

The rule of law governing cases of this kind is that no private action on account of an act obstructing a public and common right will lie for damages of the same kind as those sustained by the general public, even though the inconvenience and injury to the plaintiff be greater in degree than to other members of the public; but an action will lie for peculiar or special damage of a kind different from that suffered by the general public, even though such damage be small, or though it be not confined to plaintiff, but be suffered by many others.   Note by Bennett to *Fritz* v. *Hobson,* 19 Am. Law Reg. 615-637; *Hot Springs R. Co.* v. *Williamson,* 45 Ark. 433.   The rule seems to be well settled, and the trouble in deciding this class of cases comes in the application of it, and in determining what constitutes a special injury and what is not. In the case of *Ricket* v. *Directors of Metropolitan Railway Company,* L. R. 2 Eng. & Ir. App. 175, where the majority of the judges were of the opinion that no cause of action was shown, Lord Westbury dissented, and delivered an opinion in which he maintained the right of the plaintiff to recover. In that opinion, after stating that he entirely concurred with the view that in order to recover the plaintiff must show, not a general injury, but a special damage to the property owned by him, he undertook to illustrate the difference between a special and general damage. "Thus," he said, "if a public highway be diverted or crossed on a level by a railway, the inconvenience of having to wait whilst trains pass is common to all the public; and the benefit which it is considered results to the public from the railway is the only compensation. Persons dwelling in the neighborhood may sustain this inconvenience more frequently than the rest of the public; but, if the inconvenience is to be regarded as compensated by the public convenience, it can not be converted into a ground for compensation by reason of certain persons having to sustain the inconvenience more frequently than the rest of their fellow subjects."

Now, in this case, none of plaintiff's property abutted on that part of the street upon which the tracks were constructed. The railroad did not block the streets upon which it was constructed or prevent travel upon them. The access to plaintiff's property was not taken away or rendered less convenient, though it is possible, as he claims, that, by reason of the fact that one end of the street upon which some of his lots abutted was occupied by the railroad, some travel was diverted from that end of the street upon which his property was located. But, notwithstanding the tracks of the company, the street, as before stated, was still open for travel and used by the public, and access to the property of plaintiff could be had, not only by it, but by a number of other streets, some of which had been improved and rendered much more suitable for travel than the street on which the tracks were laid, even before the railroad was placed there.

The evidence leaves it very doubtful as to whether this diversion of travel was occasioned by the railroad or by the improvement of other streets in the city which would naturally tend to deflect travel from an unimproved street, whether occupied by the tracks of a railroad or not.

If a railroad is constructed across the highway leading from the home of one who lives in the country to the town or city to which his business requires that he must often go, it is very natural that he should feel that the danger of delay or accident to which he may thus be at times subjected renders his property less desirable as a home, while as a matter of fact its market value may be actually increased by the construction of the railroad. If he suffers an injury in such a case, it is general, and not special. If one owning a home in the country could recover damages in such a case, the man who owns a home in the city and has often to visit the country might on the same principle claim damages to his home in the city, and so there would be no end to such claims, for the injury is common to the whole public, whether in the town or country. It would be impracticable to allow damages in such cases, and so the law holds that no recovery can be had. The circuit court so decided in this case as to the place owned by the plaintiff in the country. But the evidence convinces us that the same rule must be applied to the town lots.

The Supreme Court of Illinois, in discussing a claim for damages to property on account of the vacation of certain streets and alleys, said: "Here plaintiff's lot is not adjacent to the street and alleys vacated. It is in another block. The access and egress from his lot are not affected by the vacating ordinance passed by the city. The street in front and the alley in the rear of his property remain open as before, affording the same access to and egress from it. The inconvenience that would be occasioned to plaintiff in going from the street in front of his house to a particular part of the city on account of vacating and closing up certain streets and alleys in another block is of the same kind of damage that would be sustained by all persons in the city that might have occasion to go that way; and although the inconvenience he may suffer may be greater in degree than to any other persons, that fact would not give him a right of action." *City of East St. Louis* v. *O'Flynn*, 119 Ill. 204.

In a well-considered case recently decided by the Supreme Court of Michigan the same conclusion was reached that the plaintiff could recover no damages on account of the closing of a street upon which his property did not abut, and the closure of which did not affect the means of ingress and egress to his property. In that case the court said that "it can not be doubted that there has been some resulting disadvantage occasioned by the closing of that portion of the street;" but the court, after a full review of the authorities, held that the injury was not special to plaintiff, but one which he suffered in common with the general public, and that no recovery could be had. *Buhl* v. *Union Depot Co.*, 98 Mich. 596.

The two cases referred to were much stronger in favor of the plaintiff than this case, for in those cases the streets were completely closed at the place of the obstruction. But here, as before stated, the street along which the defendant constructed its tracks are still open for business and used by the public as well as by the company.

In conclusion, it seems to us that plaintiff failed to make out a case for any damages. It has been held that a mere diversion of travel is not sufficient to entitle one to damages. *Buhl* v. *Union Depot Co.*, 98 Mich. 599. But we need not discuss that point, for the evidence here falls short of showing that defendant caused any

diversion of travel from the street on which the property of plaintiff was located. It seems to us a matter of pure conjecture as to whether the diversion complained of was caused by the act of defendant or of the act of the city in improving certain other streets and making them more suitable for travel than the one upon which the store and other property of plaintiff was located. But if any inconvenience or injury was sustained, it was, as before stated, not special, but of the kind suffered by the public in general, and for which no recovery can be had.

Judgment reversed, and cause remanded for new trial.