ASHLEY, DREW & NORTHERN RAILWAY COMPANY v. GULLEDGE.

Opinion delivered November 15, 1915.

1. OBSTRUCTION OF STREET—DAMAGE TO ABUTTING PROPERTY—RAILROADS. —The mere obstruction of a city street by the tracks of a railroad company, is not sufficient to warrant a recovery against a railroad company for damages, unless there is an injury to the abutting property; but when the obstruction renders the abutting property less accessible, and an injury to such property results from such obstruction, then there may be a recovery.

2. OBSTRUCTION OF STREET—RAILROAD—DAMAGES TO ABUTTING PROPERTY OWNER.—In an action against a railroad company caused by the obstruction of tracks in a city street, brought by an abutting property owner, the court instructed the jury that "the owner of premises abutting upon a street in a city or town may recover from a railroad company the damages resulting to his premises by the construction of its roadbed or other structures, on its right-of-way along the street, in such manner as to obstruct access to the premises, though he have no interest in the fee of the street, and no part of his premises be taken, and the road or other structure be skillfully and properly built." *Held*, the instruction was proper, and that it was not error for the court to refuse to modify the instruction to the effect that in order to justify a recovery the jury must first find "that the damage or injury sustained by plaintiff is a special damage with respect to her property in excess of that sustained by the public generally."

3.   OBSTRUCTION OF STREET—DAMAGE TO ABUTTING PROPERTY—EVIDENCE.—
     In an action for damages for depreciation in value of certain prop-
     erty abutting on a street, by reason of the construction by a rail-
     road company of its tracks in the said street, evidence by the owner
     of having fallen over the tracks is admissible, as showing the de-
     preciation in the value of her property, but for that purpose only.

4.   OBSTRUCTION OF STREET—RAILWAY TRACKS—DAMAGE TO ABUTTING
     PROPERTY.—In an action for damages against a railroad company
     for depreciation in the value of abutting property caused by the
     construction of tracks in the street, *held*, under the evidence a
     verdict of $500 damages was proper.

Appeal from Drew Circuit Court; *Turner Butler,*
Judge; affirmed.

*Henry & Harris,* for appellant.

1.   The theory on which this case was tried as em-
bodied in the instructions is in direct conflict with 73
Ark. 1.   No private action lies on account of an act ob-
structing a public and common right, for damages of the
same kind as those sustained by the general public, but
an action will lie for peculiar or special damages of a kind
different from that suffered by the general public.   45
Ark. 433; 92 Pac. 953; 22 *Id.* 814.

2.   No cause of action was stated in the complaint.
73 Ark. 1.

3.   Plaintiff failed to make out a case under the law.
35 Ark. 622; 39 *Id.* 167; 92 *Id.* 468; 93 *Id.* 52.   Evidence
of mental anguish and annoyance caused by fear was not
admissible.   Damages from danger to person or family
are too remote and uncertain.   206 Ill. 182; 69 N. E. 66;
210 Ill. 270; 76 Ky. 667; 80 N. E. 413; 114 S. W. 743; 86
N. E. 834; 147 S. W. 925.

*Wilson & Moses,* for appellee.

1.   Plaintiff did not have to allege or prove improper
construction of the road or tracks.   Damages can result
from occupancy of a street by a railroad even though
skillfully built.   51 Ark. 499; 45 *Id.* 430; 77 *Id.* 392; 71
Miss. 247.   The demurrer was properly overruled.   The
assessed value of property is not admissible as evidence
of value.   42 Ark. 527; 44 *Id.* 259.

2. The instructions are declarations of the law as approved by this court. 39 Ark. 167; 41 *Id.* 436; 45 *Id.* 430; 51 *Id.* 495; 77 *Id.* 392; 79 *Id.* 126; 103 *Id.* 330; 15 Cyc. 703. The inconvenience and disadvantages from the sounding of whistles, ringing of bells, exposure to fire, increased danger to family and stock and any deterioration of value, etc., are all proper elements of damage. Also noise, smoke, cinders, gases, etc. 39 Ark. 169; 45 *Id.* 441; 51 *Id.* 449; Lewis on Em. Dom. 736; 79 Ark. 126; 136 U. S. 121; 103 Ark. 326.

3. Special injury was proven. 45 Ark. 429, 430; 77 *Id.* 396; 103 *Id.* 330.

4. Two distinct measures of damages were not submitted to the jury. 41 Ark. 435. The true measure and the various elements of damage were properly submitted to the jury. 41 Ark. 435; 35 *Id.* 622; 92 *Id.* 468; 93 *Id.* 52; 41 *Id.* 435; 45 *Id.* 430; 51 *Id.* 493; 77 *Id.* 390; 103 *Id.* 328.

McCULLOCH, C. J. The plaintiff, Mrs. Kitty Gulledge, is the owner of real estate in the town of Monticello, abutting on the street along which the defendant has constructed and operates its railroad, and this is an action instituted against defendant to recover damages alleged to have been caused by the construction and operation of the railroad. The property of the plaintiff is situated on the northeast corner of Gabbert Street and Wood Avenue and fronts 280 feet on Gabbert Street and 128 feet on Wood Avenue. She has an eight-room residence on the lot, and also a five-room dwelling house which she rents out to tenants, and a garage situated between the two houses. All these houses front on Gabbert Street, along which the railroad is constructed the entire length. Defendant also has erected a switch stand near the corner of plaintiff's property. It is alleged that by reason of the appropriation of said street by defendant for its roadbed, switches and switch stands, and the operation of the railroad along the street, plaintiff's property has been diminished in value to the extent of the sum of $2,-000, for which sum recovery is sought.

The evidence adduced by the plaintiff tends to show that the occupancy of the street by the defendant, in constructing and operating its railroad, has obstructed the approaches to her property and rendered it less accessible, and thereby caused depreciation in value to a considerable extent. Some of the witnesses testified that the property was depreciated at least one-half. The jury returned a verdict in plaintiff's favor and assessed her damages at the sum of $500, and the evidence was sufficient to justify a finding that the property was damaged in a greater sum than that allowed by the verdict.

The evidence showed that the track was built along Gabbert Street the full length of plaintiff's property, and that a switch stand came up within a distance of about three or four feet of her property. The evidence showed that the only means of access to plaintiff's property was along Gabbert Street, and that the occupancy of the street by the railroad seriously obstructed the access to the property. Plaintiff testified that it was almost impossible for any vehicle to get to her property on account of the ties and rails, and that it is necessary to get assistance in order to put a car into the garage. She also testified that the steam from the engines reached to the front porch, and that there were great inconveniences and discomforts on account of the smell of smoke and steam, and the noises from passing trains—that the trains would pass at night so close that the noise thereof prevented rest and sleep. Her testimony also was to the effect that it was difficult to find tenants who were willing to live in the house which she had for rent.

(1-2)     It is insisted by counsel for the defendant that the testimony is not sufficient to make out a case which rendered the railway company liable. But we think that according to the principles of law very well settled by decisions of this court, the evidence is sufficient to warrant a recovery of damages on account of the depreciation in the value of plaintiff's property. The court submitted the case to the jury on an instruction copied from the language of this court in the case of *Hot Springs R. R. Co.*

v. *Williamson,* 45 Ark. 429, as follows: "The owner of premises abutting upon a street in a city or town may recover from a railroad company the damages resulting to his premises by the construction of its roadbed or other structures, on its right-of-way along the street, in such manner as to obstruct access to the premises, though he have no interest in the fee of the street, and no part of his premises be taken, and the road or other structure be skillfully and properly built."

Counsel seem to rely particularly upon the case of *L. R. & H. S. West Rd. Co.* v. *Newman,* 73 Ark. 1, but the language of that case is, we think, against their contention. In that case we decided merely that a landowner whose property does not abut on the railway track, and the property is not rendered inaccessible by reason of such track, can not recover damages by reason of the railroad built along the highway leading from such property. Judge Riddick, in stating the law applicable to that case, said, page 3: "The rule of law governing cases of this kind is that no private action on account of an act obstructing a public and common right will lie for damages of the same kind as those sustained by the general public, even though the inconvenience and injury to the plaintiff be greater in degree than to other members of the public; but an action will lie for peculiar or special damage of a kind different from that suffered by the general public, even though such damage be small, or though it be not confined to plaintiff, but he suffered by many others."

Further on in the opinion it was said: "Now, in this case, none of plaintiff's property abutted on that part of the street upon which the tracks were constructed. The railroad did not block the streets upon which it was constructed or prevent travel upon them. The access to plaintiff's property was not taken away or rendered less convenient, though it is possible, as he claims, that, by reason of the fact that one end of the street upon which some of his lots abutted was occupied by the railroad, some travel was diverted from that end of the street upon which his property was located. But, notwith-

standing the tracks of the company, the street, as before stated, was still open for travel and used by the public, and access to the property of plaintiff could be had, not only by it, but by a number of other streets, some of which had been improved and rendered much more suitable for travel than the street on which the tracks were laid, even before the railroad was placed there.''

The same doctrine is announced in other cases. *Little Rock & Fort Smith Ry. Co.* v. *Greer,* 77 Ark. 387; *Cook* v. *St. Louis, I. M. & S. Ry. Co.,* 103 Ark. 326.

There can be no recovery in the class of cases merely for obstructing the street as a passage-way for travelers, inasmuch as that is a right which all persons share alike; but there can be a recovery for injury to abutting property on account of the property being rendered less accessible or otherwise injured. That constitutes an injury to the property which is a character of injury not shared by the public at large who use the street, though many other property owners may be injured in a like manner. In other words, the mere obstruction of the street is not sufficient to warrant a recovery unless there is injury to abutting property. But where the obstruction renders the abutting property less accessible, and an injury to such property results from such obstruction, then there may be a recovery. The court submitted the case fairly upon that issue, and the evidence was sufficient to justify the finding in plaintiff's favor.

There was no error in the court's refusal to add a modification to the instruction to the effect that in order to justify a recovery, the jury must first find ''that the damage or injury sustained by plaintiff is a special damage with respect to her property in excess of that sustained by the public generally.'' The instruction which the court gave made it necessary to find a case of injury which was in itself a special damage to the plaintiff's property, and it was therefore unnecessary to add the qualification mentioned above.

(3)   It is contended that the court erred in allowing plaintiff to state in her testimony that she sustained sev-

eral falls in getting out at night, and that her grandchildren playing along the street were liable to get hurt. It is also contended that the court erred in refusing to give an instruction specially taking away those matters from the consideration of the jury in measuring the damages. We understand that this testimony was not for the purpose of proving personal injuries on the part of the plaintiff or her grandchildren, but to demonstrate the dangers and inconveniences to those occupying the property for the purpose of showing its effect upon the use and occupation of the property. They were brought out merely as matters tending to show depreciation in the value of the property. The court in its instruction limited the measure of damages to the depreciation in the value of the property. If the request had been made so to do, it would have been the duty of the court to have explained to the jury that those matters testified to by plaintiff were admitted only for the purpose of tending to show whether or not there was inconvenience in the use of the property by reason of the lessened accessibility caused by the obstruction, but no request of that sort was made. In view of the correct instruction which the court gave, stating the measure of damages, we think that no prejudice could have resulted to the defendant from this testimony, and that the jury necessarily understood that they were to consider it only for the purpose of ascertaining the depreciation in the value of the property. The court told the jury that they might take into consideration the testimony tending to show that the construction and operation of the road rendered the property less accessible, and the inconveniences and annoyances resulting from the operation of the road, but that instruction evidently referred to the method of ascertaining the depreciation in the value of the property, and not to any personal injuries or inconveniences which might result to the plaintiff herself. The instruction is not very aptly drawn, but we think that it must have been clear to the jury what the court meant, and that the instructions on the measure of damages, when taken as a whole, must have been understood to refer to depreciation in the value of the property.

(4) We are of the opinion that the charge of the court as a whole was substantially correct, and set before the jury the correct principles of law applicable to the facts of the case. The verdict of the jury was for a less amount than it might have been under the testimony if the jury had accepted it in the most favorable light to the plaintiff, and this also indicates that the jury was not misled by the instruction to the prejudice of the defendant.

Judgment affirmed.