Oliphint v. Mansfield & Co. et al.

11. License issued after the order void.

36  191
54  532

### OLIPHINT v. MANSFIELD & CO. ET AL.

1. PLEADING AND PRACTICE: *Misjoinder of defendants: How corrected.*
   Misjoinder of defendants is no ground for demurrer. It can be corrected only by motion to strike out the names of those improperly joined.

2. SAME: PARTIES: *Joinder of defendants in injunction suits.*
   Several separate execution creditors may be joined as defendants in a bill to enjoin the sale of the property levied on by them.

3. INJUNCTIONS: *Damages: Counsel fees.*
   Upon the dissolution of an injunction, the defendant's counsel fees are not allowed as part of his damages.

APPEAL from *Conway* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*Oliphint, pro se:*
In support of the bill cited:   4 *Ark.*, 303 ; *Bispham Eq.*,
*p.* 11, *sec.* 8 ; *Stephens' Pleadings, pp.* 140, 141, 142.

HARRISON, J.   This was a suit in equity, by T. J. Oli-
phint against S. Mansfield & Co., B. Horton & Co., Fones
& Bro., Russell & Newberry, and John A. Stallings.   The
complaint, in substance, alleged that Reynolds, Jones &
Co., merchants at Conway, in Faulkner county, being in-
solvent, on the twenty-eighth day of November, 1877, made
an assignment, by deed, to the plaintiff of their stock of
goods, and all their other property in trust, for the benefit
of their creditors generally, to be sold and the proceeds
equally and *pro rata* distributed among them.   That the
plaintiff accepted the trust, and on the same day, in accord-
ance with the statute, filed, in the probate clerk's office, an
inventory and description of the property, and executed a
bond to the state in the penal sum of $5,000.

That on the eighth day of December, 1877, S. Mansfield
& Co. recovered judgment against said Reynolds, Jones &
Co., before a justice of the peace of Cadron township, in
said county, for $112.27; B. Horton & Co., for $158.26 ;
Fones & Bro., for $79.43; and Russell & Newberry, for
$130.43; and on the tenth day of December, 1877, they
sued out executions on their respective judgments, which
were, on the same day, placed in the hands of the defend-
ant, Stallings, the constable of said township, who had
levied on the property so assigned and conveyed to the
plaintiff, and was about to sell the same.

A perpetual injunction against the sale and the further

intermeddling by the defendants with the property, was prayed for. A temporary injunction was granted at the commencement of the action.

The defendants demurred to the complaint for a misjoinder of defendants, and because it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, but gave the plaintiff leave to amend his complaint, which failing to do, the temporary injunction was dissolved; the defendants' damages assessed by the court at one hundred dollars for their counsel fee, for which a decree was rendered in their favor against the plaintiff, and the complaint dismissed at his cost.

The plaintiff appealed.

A misjoinder of defendants is no ground of demurrer; that objection can only be taken by motion to strike out the names of such as are improperly joined or sued.

1. Misjoinder of defendants, how corrected.

But there was no misjoinder in this case, and the action was properly against all the defendants.

Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination and settlement of the question involved. *Gantt's Digest, sec. 4476.*

Here were several creditors seeking to subject the goods claimed by the plaintiff, to the satisfaction of their judgments, and the question involved in the controversy, was the validity of the assignment to him, in which they had a common interest.

It was not alleged in the complaint that Reynolds, Jones & Co. had any other creditors for whose benefit the assignment was made; and if there were no others, as the defendants refused to assent to it and repudiated it, it necessarily failed. BURRILL, in his work on assignments, says: "The rule has been deduced and very clearly laid

13—36

down by Mr. Justice STORY, in the leading case of *Halsey v. Whitney*, that in case of an assignment to a trustee for the benefit of creditors, ' where the trust is for the benefit of all, and no release or other condition is stipulated for on behalf of the debtor, but the property is to be distributed among all the creditors *pro rata*, the assent of the creditor must be presumed; for the trust can not be for his injury, and must be for his benefit. It must always be for his benefit to receive as much of his debt as a debtor can pay. If, then, in such case, such an assent be necessary, it may be inferred as a presumption of law, *until the contrary is shown.*' 'That which purports to have been done for the benefit of creditors,' observes Mr. Justice MCLEAN, in the case of *Lawrence v. Davis*, 'and which was manifestly for their advantage, will be presumed to have been done with their assent, *unless the contrary appear.*' The same rule has been approved by the supreme court of the United States, and, in the case of *Tompkins v. Wheeler*, was expressly applied to the case of an assignment directly to creditors; the court observing, that 'where the deed is absolute on its face, without any condition whatever attached to it, and is for the benefit of the grantees, the presumption is, *in the absence of all evidence to the contrary*, that the grantees accepted the deed.'" *Burr. on Assignments, 331; 2 Sto. Eq., secs. 1036 (a), 1036 (b); 2 Perry on Trusts, sec. 593.*

In the absence of such an averment in the complaint we may not presume that there were other creditors having an interest in the assignment, for a plaintiff is required to set forth and show in his complaint the facts necessary to constitute his cause of action.

The demurrer to the complaint, we think, was correctly sustained.

But the court, we are of the opinion, erred in allowing the defendants their counsel fee in the assessment of their damages.

In some states such fees are allowed upon the dissolution of an injunction, but we are unable to see any satisfactory reason why they should be. In the federal courts they are not allowed.

In the case of *Oelrichs v. Spain, 15 Wall., 211,* Mr. Justice SWAYNE said: "In death, covenant and assumpsit damages are recovered, but the counsel fees are never included. So in equity cases, when there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the *expensa litis* to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the *honorarium* can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party there is danger of abuse. A reference to a Master, or an issue to a jury, might be necessary to ascertain the proper amount; and this granted, litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might sometimes be necessary."

We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy.

The decree except as to the matter of the damages is affirmed, and as to that it is reversed.