GORDA JOHNSON *v.* T. L. BROWN.

(*Knoxville.*   September Term, 1917.)

**DAMAGES.   Duty to reduce injunction bond.**

Where one enjoined from fencing a roadway finally prevailed and it appeared that he could have moved his fence back pending litigation for $75, it was his duty to do so, and he cannot obtain $907 damages on the injunction bond for damages from loss of the use of fields left open, it being his duty to minimize the damages as much as he reasonably could.

FROM ROANE.

Appeal from the Chancery Court of Roane County.— HUGH G. KYLE, Chancellor.

JOHN W. STAPLES and W. F. HOLLAND, for appellant.

WRIGHT & HAGGARD, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Defendant had fenced in an old road which complainant insisted was a public way, and complainant filed her bill to enjoin the maintenance of this fence. The chancellor awarded the injunction, and refused on motion to dissolve it. Finally, after lengthy litigation the bill was dismissed. The case was then, according to the

customary practice in chancery causes in this State, referred to the master for a report on damages on the injunction bond. It appeared from the report and the evidence that defendant, instead of simply setting his fence back so as to leave the road out of his field, cut or took down the fence at two places, so as to permit use of the roadway, but in doing so exposed a large field, and so left it during the whole period of the litigation, practically unfenced. He claimed for the use of this field, of which he was thus deprived, the sum of $907, and the master reported that if he were entitled to compensation on that basis the sum stated would truly represent the loss which defendant had sustained. He further reported, however, and the evidence shows, that he could have moved the fence back so as to leave the old road outside of his field, that is, could have removed the fence from the east side to the west side of the old road, and thus have protected his field, and could have restored it to the east side after the termination of the litigation, all at a cost of $75. The chancellor held that he was entitled only to the $75, and on appeal to the court of civil appeals the judgment was affirmed.

We think the court of civil appeals reached the correct conclusion. It was the defendant's duty to minimize the damages as much as he could, as in all other cases of injury, by the exercise of reasonable care. This reasonable care would have exacted of him, not the expenditure of a large or disproportionate sum of money, or the employment of uncommon agencies, but the use

Johnson v. Brown.

of such a moderate and reasonable sum of money, and the putting forth of such reasonable efforts to save himself from injury from the operation of the injunction as a reasonably prudent person in the same or similar circumstances would have spent and put forth. His failure to so act was negligence, and to this negligence must be attributed the loss of the use of his land for the period mentioned, for which, of course, he is entitled to no recovery. Indeed, in strictness, he would not be entitled to recover the $75 even, since he did not expend that sum, but the complainant has been content to permit the judgment to stand, and has assigned no errors, and the court will not itself raise the objection.

We have no case in this State applying to injuries caused by injunctions improperly sued out, the general doctrine concerning the duty of an injured party, one injured either in person or property, to minimize the damages as much as he reasonably can, but that cases so arising are but particular instances within the general principle there can be no doubt.

The result is that the judgment of the court of civil appeals must be affirmed, with costs.