NORTHERN CONSTRUCTION COMPANY *v.* JOHNSON.

Opinion delivered February 25, 1918.

1.  PLEADING AND PRACTICE—ACTION FOR BREACH OF CONTRACT—FAILURE TO STATE CAUSE OF ACTION.—In an action for damages resulting from a breach of contract to do certain work, and for negligence, *held*, the complaint failed to state a cause of action.

2.  PLEADING AND PRACTICE—DEMURRER—FAILURE TO PLEAD FURTHER.— It is proper to render judgment for the defendant, where he demurred to the complaint, and the plaintiff refused to plead further where the complaint failed to state a cause of action, and even though the demurrer should have been treated as a motion to make more specific.

Appeal from Clay Circuit Court, Western District; *R. H. Dudley,* Judge; affirmed.

*T. J. Crowder,* for appellant.

1.  The court erred in sustaining the demurrer to first, third and fifth paragraphs of the complaint. 80 Ark. 228; 105 *Id.* 421; 97 *Id.* 522.

*J. L. Taylor,* for appellee.

1.  The demurrer was properly sustained. The first is too general and only stated a conclusion of law. 13 Cyc. 157; 72 Ark.

3.  The third alleges no cause of action. It is too general. Appellee was an independent contractor and appellant was not liable for his torts. 81 Ark. 195; 77 *Id.* 551. The fifth alleges no damage. It is also too general.

WOOD, J.  The appellant instituted this action against the appellee, "alleging that on the ............... day of ..........................., it entered into a contract with a drainage district in White County, Arkansas, near Judsonia, to dig a ditch according to certain plans and specifications, and in a certain time set out in the contract; that it entered into a contract with the defendant, A. B. Johnson, whereby he agreed to clear and prepare said right-of-way, and cut cord wood thereon within a time sufficient to enable the plaintiff to comply with its contract with the said drainage district.

1.   That the defendant began said work in clearing and preparing the right-of-way and continued to work for some time, but before completing said right-of-way he quit; that plaintiff urged him to begin said work, and he promised from time to time to do so; that plaintiff dug the ditch to the end of the cleared right-of-way and was compelled to stop; that defendant still promised to do said clearing, but failed to do so and thereby delayed plaintiff twenty-two shifts, by reason of which delay plaintiff suffered damages in the sum of eight hundred and eighty dollars ($880).

3.   Plaintiff further alleged that the defendant in clearing the right-of-way, threw logs and brush off of the right-of-way on to the land owned by adjacent farmers, on account of which plaintiff suffered damages in the sum of two hundred and twenty-five dollars ($225), the amount it was compelled to pay said farmers.

5.   Plaintiff further alleged that on account of the manner and time in which the right-of-way was cleared and prepared, plaintiff was compelled to account to the drainage district for the sum of eight hundred and eighty dollars ($880).

The prayer of the complaint was for judgment, for two thousand five hundred forty-three dollars ($2,543).

The appellee demurred to the first, third and fifth paragraphs of the complaint. The court sustained the demurrer and this appeal challenges the ruling of the court.

The first paragraph of the complaint alleges that appellee began work in clearing and preparing the right-of-way but quit before completing his contract and therefore delayed plaintiff twenty-two shifts, which delay damaged appellant in the sum of $880. There are no allegations to show how a delay of twenty-two shifts would result in damages to appellant in the sum of $880. The allegations are entirely too general to form the basis of a cause of action. There is nothing in this count to show what was meant by the shift; nor what the delayed shifts

cost appellant, if anything; nor the manner in which the delayed shifts caused any expense to the appellant.

The allegation that appellee delayed appellant twenty-two shifts which caused appellant to suffer damage in the sum of $880 was but the statement of a conclusion without any specific facts upon which it could be seen that such conclusion was correct. If appellee abandoned his contract as alleged, the measure of appellant's damage would be what it would cost it to complete it in excess of the contract price. Appellant nowhere alleged what the contract price was nor that on account of the abandonment of the work by the appellee he had to expend more to complete it than he would have done had appellee completed the work and been paid the contract price.

The allegations of the first paragraph, therefore, are not sufficient to show that the failure of the appellee to complete the contract damaged the appellant in any sum. See *Plunkett* v. *Meredith,* 72 Ark. 3.

While the allegations of the third paragraph are to the effect that the appellee in clearing the right-of-way threw logs and brush off of the right-of-way on to the land owned by adjacent farmers, which damaged appellant in the sum of $225, being the amount that he was compelled to pay these farmers, there was no allegation showing where, under the contract, the appellee was required to place the logs and brush as he removed or cleared the same from the right-of-way. For aught that appears to the contrary, the contract may have required the appellee as he cleared the right-of-way to deposit the logs and brush, taken therefrom, on adjacent lands belonging to the farmers.

Furthermore, the allegations of the complaint show that the appellee was an independent contractor and there are no allegations to the effect that the work to be done under the contract and the piling of the brush and logs on adjacent lands of farmers would necessarily injure the same. Unless such was the case, even though appellee negligently piled the brush and logs upon the adjacent lands of the farmers in such manner as to injure the same,

this would be a tort for which he alone would be liable. See *White River R. R. Co.* v. *B. & W. Tel. Co.,* 81 Ark. 195-200; *St. L., I. M. & S. Ry. Co.* v. *Gillihan,* 72 Ark. 553; *Martin* v. *Railway Co.,* 55 Ark. 510.

Likewise the allegations of the fifth count are entirely too general to state a cause of action. The statements there made are mere conclusions. The terms of the contract between appellant and appellee as to the clearing of the right-of-way are nowhere set forth, and it is impossible, therefore, to determine whether appellee had violated the contract, and, if so, whether such violation had resulted in injury and damage to the appellant.

The court was correct in sustaining the demurrer to these paragraphs to the complaint. Even if the demurrer should have been treated as a motion to make more specific it should have been sustained. Since the appellant did not ask to amend his complaint but elected to stand upon the same, the rulings of the court in sustaining the demurrer and dismissing this complaint were correct and its judgment is therefore affirmed.