SULLIVAN *v.* WILSON MERCANTILE COMPANY.

Opinion delivered March 23, 1925.

1. LANDLORD AND TENANT—SUFFICIENCY OF DESCRIPTION IN LEASE.—A description of pasture land in a lease *held* sufficient to let in parol proof to identify the land leased.

2. LANDLORD AND TENANT—UNEXECUTED AGREEMENT—CONSIDERATION.—A mere unexecuted agreement of a lessee to consent to a sale of the leased land by the lessor, *held* not to bind the lessee, where no consideration passed to him.

3. VENDOR AND PURCHASER—NOTICE OF LEASE.—A purchaser buying land with notice of a lease and of the lessee's actual possession at the time of purchase *held* not an innocent purchaser.

4. VENDOR AND PURCHASER—OCCUPANCY OF LESSEE.—The actual control and use by a lessee of inclosed pasture lands for any purpose at the time the land is sold by the lessor constitutes actual occupancy.

5. INJUNCTION—EFFECT OF DISMISSAL OF SUIT.—The dismissal of the complaint in a suit in which a temporary injunction had been granted at plaintiff's request *held* in effect a dissolution of the injunction.

6. INJUNCTION—DISSOLUTION—RESTITUTION.—In a suit to restrain a lessee from trespassing on land purchased by plaintiff, in which a temporary restraining order was granted, and a cross-bill filed alleging defendant's right to possession and wrongful deprivation thereof, dismissal of the cause as to both parties, without granting restitution of possession to defendant and damages for deprivation of the land, *held* error under Crawford & Moses' Dig., §§ 5822, 5825.

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; reversed.

*David L. King,* for appellant.

*George G. Dent,* for appellee.

McCULLOCH, C. J. This appeal involves a contro-versy between appellant and appellee over the right of possession of certain farm land. Both parties assert the right of possession from a common source. The land is a part of a farm in Randolph County, known as the Goss Farm, situated on Spring River, near the town of Imboden. There is a bridge across Spring River at Imboden, and Goss Farm runs up to the river at the bridge. The lands were formerly owned by J. J. Brooks and his wife, Nora, and appellant claims under a written lease, which reads as follows:

"This December first, 1922. Imboden, Arkansas.

"This contract entered into between J. J. and Nora V. Brooks and E. N. F. Sullivan. The parties of the first part agree to rent to E. N. F. Sullivan, the party of the second part, the described land as follows: To all of the alfalfa and Bermuda grass land, commencing on the north at the cross fence, running west to cross fence on big bank; then running south to river; thence east to bridge. E. N. F. Sullivan of the second part does agree to pay to the parties of the first part $10 (ten dollars) per acre, and land to be measured. It is further agreed that the amount to be paid on the land note for the term of three years, 1923, '24, and '25, to be paid each year. This land is on what is known as the Goss land in Randolph County. Witness our hands."

Appellee purchased the land from Brooks and wife on February 14, 1923, and instituted this action against appellant in the chancery court of Randolph County on March 28, 1923, alleging that appellant was interfering with the possession of appellee by trespassing on the land and preventing appellee from enjoying peaceable possession. The prayer of appellee's complaint was that appellant be perpetually restrained from interfer-ing with the possession and from trespassing on the land. Appellee obtained a temporary restraining order at the commencement of the action.

Appellant filed a cross-complaint setting up his right of possession under the lease from Brooks and wife. He also filed a cross-complaint in which he alleged that he had taken possession of the land under his lease prior to the alleged purchase of the land by appellee from Brooks; that he was in possession at the time of the commencement of this action, and had been wrongfully deprived of the possession under the injunction issued in the case. He set forth damages, and prayed for a decree for the recovery of them.

On the final hearing of the cause the court dismissed both the complaint of appellee and the cross-complaint of appellant, and apportioned the costs of the action between the two parties. The decree contained no formal dissolution of the injunction, and there was no assessment of the damages claimed by appellant. The cause was heard upon depositions and oral testimony submitted to the court. The court found, in the first place, as the foundation for the decree dismissing the cross-complaint, that the lease contract to appellant did not contain a sufficient description of the land in controversy. We think that the court was not correct in the conclusion reached on that subject, for the description in the contract, when aided by extrinsic evidence, was proper and sufficient to identify the land. It describes the land as a part of "the Goss land in Randolph County," and refers to it as "all of the alfalfa and Bermuda grass land." It also describes the land as "commencing on the north at the cross fence running west to cross fence on big bank; then running south to river, thence east to bridge." The identification of the land as "all of the alfalfa and Bermuda grass land" on the Goss farm in Randolph County contiguous to the bridge and river was, we think, sufficient to let in proof as to what particular land answered this description.

It is contended by appellee, in support of the court's decree, that appellant waived his lease by consenting to the subsequent sale of the land to appellee, but we

are of the opinion that the testimony does not support this contention. There is a conflict in the testimony as to just what took place between appellant and Brooks in regard to the subsequent sale of the land, but, even at the utmost of Brooks' contention in this respect, appellant only agreed that he would consent to some arrangement and "do what was right." Appellee knew that appellant was holding under a lease, and that Brooks was endeavoring to get the consent of appellant to a sale of the land. There was no consideration passed to appellant to support a surrender of the lease and possession of the premises, hence a mere unexecuted agreement on the part of appellant that he would consent to a sale did not bind him. Appellee was not in any sense an innocent purchaser, for, as before stated, the undisputed evidence shows that it had notice of appellant's lease and was aware that appellant was in actual possession at the time of the purchase from Brooks.

There is a conflict as to the extent of appellant's possession, it being contended that it is not sufficient to constitute actual possession. It is true that the proof shows that appellant was only using the land at the time for pasturage purposes, but the proof shows that this part of the land covered by the lease was under fence and that appellant was using it to pasture his cows. Appellee concedes that, at the time it made the purchase from Brooks and attempted to take possession, appellee was grazing two cows on the land. The fact that the lands were actually inclosed and were being controlled and used by appellant for any purpose at all was sufficient to constitute actual occupancy. The purchase of the land by appellee from Brooks was therefore subordinate to appellant's rights as lessee, and the court was correct in dismissing the complaint of appellee for want of equity. No appeal has been prosecuted from that part of the decree, but appellant complains that the court erred in not awarding him damages for being put out of possession and kept out during the pendency of the action. The reason given by the court for denying this

relief was that the description in appellant's lease was insufficient, but, as we have already seen, the court erred in that regard. If appellant's cross-complaint had been an independent action for damages, his remedy was complete at law, and he could not have invoked the jurisdiction of a court of equity; but, in the present action instituted by appellee, in which an injunction was obtained and which deprived appellant of substantial rights, the latter was entitled, under the statute, to a restitution of the possession of which he had been deprived by the injunction and an assessment of damages sustained by reason thereof. Crawford & Moses' Digest, §§ 5822, 5825. The effect of the dismissal of appellant's complaint was to dissolve the injunction, and appellant was entitled to the relief afforded under the statute. The court erred in dismissing the cause without granting relief, for appellant's cross-complaint was tantamount to a prayer for the restitution of possession and for assessment of damages.

The decree is therefore reversed, and the cause remanded with directions to the court to make an order of restitution, and proceed to the assessment of damages in accordance with the terms of the statute. It is so ordered.