4

REDER RAILROAD *v.* GREEN.

5-1311                                          305 S. W. 2d 327

Opinion delivered September 30, 1957.

*Gaughan, McClellan & Laney,* for appellant.

*L. B. Smead* and *James M. Rowan, Jr.,* for appellee.

Ed. F. McFADDIN, Associate Justice. The refusal of the trial court, to award damages for wrongful issuance of a temporary injunction, is the only point at issue on this appeal.

The Reader Railroad, a common carrier (hereinafter called "Reader"), had a spur track that crossed the land owned by appellee, Allen Green.[1] This track served a gravel pit, and was frequently used prior to 1946. After that year there was little, if any, use of the said spur track; and in 1952 Reader began removing the rails. Thereupon, appellee Green filed the present suit in the Chancery Court to enjoin Reader from removing the rails. Green alleged that the spur line had been abandoned for many years and that the rails had become his property because of such abandonment. When Green filed his suit on March 10, 1952, he also filed a bond and obtained from the Chancery Court a temporary restraining order preventing Reader from removing the rails. The condition of the bond was that the plaintiff would pay the defendant ". . . all damages suffered by it by reason of the temporary restraining order, if such be wrongfully or illegally issued." On April 29, 1952, Reader filed a motion to dissolve the temporary injunction, claiming that the suit had not been brought in the proper venue.

For reasons that do not appear in the record, there was no hearing on the motion to dissolve the injunction until November 2, 1956, at which time the Chancery Court overruled the motion (which raised only a question of venue, as aforesaid); and immediately Reader filed its answer, denying abandonment and claiming damages because of the temporary restraining order. Trial was in the Chancery Court on November 21, 1956. The cause taken under submission was decided on December 6, 1956; and a decree was entered which found, ". . . that the temporary restraining order was wrongfully issued and should be dissolved." But the Chancery Court also found, ". . . that defendant is not entitled to recover damages on account of the is-

---

[1] Reader had a right-of-way deed from a former owner of the land.

suance of the temporary injunction". All court costs were taxed against the plaintiff, Allen Green.

There is no appeal by Green. The only appeal is by Reader, claiming that it showed without contradiction that it was entitled to substantial damages for the wrongful issuance of the injunction, and that the Chancery Court committed error in refusing to award such damages. The appellant, in effect, claims that the trial court abused its discretion in refusing to award substantial damages to Reader, after having found — as it did—that the injunction was wrongfully obtained.

I. *Power of Court To Award Damages on Dissolution Of Injunction.* Section 32-307 Ark. Stats. reads:

"Assessment of damages upon dissolution of injunction or restraining order. Upon the dissolution in whole or in part of any injunction or restraining order of any and every kind and nature whatsoever, the chancery court wherein the same was pending may assess and render against principal and sureties on the injunction bond a valid judgment for any and all damages occasioned by the issuance of such injunction or restraining order; and the court may either appoint a master to report as to such damages, or may render summary judgment therefor, or at its discretion may cause a jury to be empaneled to find such damages."

The above is from Act No. 102 of 1915; and, in the case of *Citizens Pipe Line Co.* v. *Twin City Pipe Line Co.*, 183 Ark. 1006, 39 S. W. 2d 1017, this Court discussed in detail the effect of the 1915 Act on previous statutes. In the case of *Sullivan* v. *Wilson Merc. Co.*, 168 Ark. 262, 271 S. W. 30, we held that, when the Court dismissed a temporary restraining order, the defendant was entitled to recover his damages.

In the light of these cases, it necessarily follows that Reader was entitled to at least nominal damages in this case, when the Court found, as it did, that the temporary restraining order had been wrongfully issued. Since all costs were adjudged against Green, Reader has, in effect, recovered nominal damages; but

Reader claims more than nominal damages. It claims a total of $1,307.37, and the principal items are: (1) rent paid the Missouri Pacific Railroad Company for the rails during the four and one-half years of the existence of the injunction; (2) increased cost of labor required to remove the rails in 1956 over the like cost in 1952 when the injunction was issued; and (3) also the value of the railroad spikes lost from the track during the four and one-half years' delay.

II. *Minimizing Damages*. Green points out that the temporary restraining order was granted on March 10, 1952; that Reader did not call up for hearing the motion to dissolve the temporary restraining order until November 21, 1956; and that it was the duty of Reader to press its motion to an earlier conclusion—this, because of the rule that a party damaged must use diligence to minimize his damages. *Gibson* v. *Lee Wilson & Co.*, 211 Ark. 300, 200 S. W. 2d 497. It is the duty of a person enjoined to minimize his damages resulting from the improper suing out of a temporary injunction. The Supreme Court of Tennessee, in *Johnson* v. *Brown*, 138 Tenn. 395, 198 S. W. 243, Ann. Cas. 1918C 672, recognized this rule in this language: "It was the defendant's duty to minimize the damages as much as he could, as in all other cases of injury, by the exercise of reasonable care." See also 28 Am. Jur. "Injunctions", Key 345, and annotation in Ann. Cas. 1918C 673.

We have found no case — and learned counsel have cited us to none — holding that the duty on the enjoining plaintiff to bring the case to trial is stronger than the duty on the enjoined defendant to press for trial to dissolve the injunction. We find nothing in the record to suggest why the case was delayed. Since the trial court refused substantial damages to Reader, we indulge the presumption that the trial court considered the delay, in bringing the case to trial, to be chargeable against Reader rather than against Green. Since all costs in the case were adjudged against Green, the

effect was to allow Reader nominal damages; and Reader has failed to show that the trial court was in error.

Therefore, the judgment is affirmed.