TOLBERT *v.* SAMUELS.

5-1668                                           317 S. W. 2d 715

Opinion delivered November 17, 1958.

*Douglas Bradley,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

GEORGE ROSE SMITH, J.   On August 19, 1957, the appellee obtained a temporary restraining order which enjoined the appellants, labor representatives, from picketing a construction job in Jonesboro.   On final hearing the chancellor dissolved the temporary injunction but held that there was no competent evidence to support an award of damages for its wrongful issuance. The appellants contend that the court should have awarded them substantial compensatory and punitive damages.

The record is large, but only a few salient facts need be stated.   McDaniel Brothers Construction Company, a partnership which was also engaged in the plumbing business under the trade name of Central Plumbing Company, was originally the general contractor and the plumbing contractor for the construction job at Jonesboro.   In July of 1957 McDaniel Brothers brought suit against these appellants, to enjoin the picketing that was then in progress.   The application for a temporary injunction was heard on July 18 by Chancellor Lee Ward, who refused to interfere with the picketing except to a very limited extent.

After having failed in their effort to halt the picketing, the McDaniel brothers ostensibly sold their plumbing department to the appellee Eleanor Samuels, who was an employee in that department.   On August 19 Mrs. Samuels filed her present complaint, which alleges the same matters that were asserted in the earlier case but does not disclose that the plaintiff acquired  the plumbing subcontract from McDaniel Brothers.   On the same day, without notice to the defendants, the verified complaint was presented to Chancellor W. Leon Smith, who issued a temporary restraining order.   When the matter was later heard on its merits Judge Smith ruled that the injunction had been wrongfully obtained, as the plaintiff was in privity with the McDaniels and was

bound by their litigation. This appeal is from the court's refusal to allow damages.

We find no merit in the appellee's cross-appeal, by which it is contended that the injunction was not obtained wrongfully. On the direct appeal we must reluctantly agree with the chancellor's conclusion that the appellants offered no competent evidence to sustain an award of damages against the appellee and her bondsmen. One witness testified that the bargaining position of the labor unions was practically destroyed by their inability to picket, but there is no evidence at all by which we could attempt to determine the pecuniary loss that resulted from this injury. That damage of this kind may be hard to prove in dollars and cents does not justify our reaching into the air for a figure that would represent only an unsupported guess on our part. The burden was on the appellants to prove the amount of their damages. *Alf Bennett Lbr. Co.* v. *Walnut Lake Cypress Co.,* 105 Ark. 421, 151 S. W. 275.

In seeking to prove certain expenses that the unions are said to have incurred as a result of the injunction, the appellants offered only a memorandum of figures prepared by the witness Mowrey. The chancellor correctly held this memorandum to be inadmissible, for it was a synopsis of information gathered by Mowrey from various records and canceled checks of the unions. The records themselves were the best evidence and should have been produced. Wigmore on Evidence (3d Ed.), §§ 1179 and 1532. The appellants also sought reimbursement for their attorney's fees in connection with the dissolution of the injunction, but under our decisions this expense is not recoverable. *McDaniel* v. *Crabtree,* 21 Ark. 431; *Citizens' Pipe Line Co.* v. *Twin City Pipe Line Co.,* 183 Ark. 1006, 39 S. W. 2d 1017. Nor can punitive damages be recovered in the absence of an award of actual damages. *Kroger Gro. & Baking Co.* v. *Reeves,* 210 Ark. 178, 194 S. W. 2d 876.

Doubtless the appellants were entitled to nominal damages; but the chancellor awarded them their costs,

and in an equity case, where the costs have been properly assessed in the trial court, nominal damages are not allowed on appeal for the sole purpose of charging the appellee with the costs in this court. *Campbell* v. *Southwestern Tel. & Tel. Co.,* 108 Ark. 569, 158 S. W. 1085; *Reader Railroad* v. *Green,* 228 Ark. 4, 305 S. W. 2d 327.

Affirmed.