### ECONOMY GAS COMPANY, Inc., Plaintiff-Appellant,

v.

### Bill BRADLEY, Defendant-Respondent.

### No. 9090.

Springfield Court of Appeals, Missouri.

Oct. 29, 1971.

---

Norman L. Chadwick, Lebanon, for plaintiff-appellant.

Woolsey & Yarger, David A. Yarger, Versailles, for defendant-respondent.

STONE, Judge.

This is an appeal by plaintiff Economy Gas Company, Inc. (Economy), from a judgment assessing damages against it in the sum of $584.75 as obligor on an injunction bond running to defendant Bill Bradley, as obligee.

As averred in Bradley's motion for assessment of damages on that bond and again in the agreed statement of facts here, Economy instituted suit against Bradley in the Circuit Court of Dallas County on May 8, 1969, "seeking to restrain and enjoin [Bradley] from *entering into employment* with Readygas, Inc., or in any way breaching" the aforesaid contract. (Emphasis ours) At the conclusion of a hearing before the court on May 15, 1969, the issues were found in favor of defendant Bradley and the temporary restraining order was dissolved. Pursuant to Bradley's timely motion for assessment of damages by a jury [V.A.M.R. 92.11; V.A.M.S. § 526.200], a brief trial was had on August 13, 1970, at the conclusion of which the jury returned a verdict for Bradley in the sum of $584.75 upon which judgment was entered.

Bradley was not present at the trial, and only two witnesses testified, namely, Hersheline Pinkley, "manager of the Readygas Company here in Buffalo," Missouri, and Bradley's attorney. The attorney's narrative testimony related only to the nature and extent of his professional services and charges therefor, and to incidental expenses incurred, in preparation for and conduct of the hearing on May 15, 1969, when the temporary restraining order was dissolved. His charges aggregated $475, and the incidental expenses amounted to $29.95. Insofar as the verdict and judgment reflect allowance of those items totaling $504.95, Economy does not here assign error. But it vigorously insists that the jury's allowance of an additional $80 for Bradley's alleged loss of wages for one week, i. e., from May 8 to 15, 1969, was wholly unsupported and unjustified.

Of course, the jury was not entitled to assume that Bradley sustained a loss of earnings, and the burden rested upon him to present proof of such loss as a prerequisite to reimbursement therefor. Belisle v. Wilson, Mo., 313 S.W.2d 11, 17(8, 9). In determining whether Bradley

satisfied that requirement, we consider the evidence in the light most favorable to Bradley and accord to him the benefit of all supporting inferences fairly and reasonably deducible from the evidence, tempered only by the wise, judicious limitation that this rule calls for consideration of all, not merely an isolated part or parts, of the facts shown on his behalf and does not require or authorize the court to supply missing evidence, or to give him the benefit of forced, speculative or unreasonable inferences. Adler v. Laclede Gas Co., Mo., 414 S.W.2d 304, 306(1); Atcheson v. Braniff International Airways, Mo., 327 S.W.2d 112, 117(7); Shelton v. Bruner, Mo.App., 449 S.W.2d 673, 676(1), and cases there cited in note 3. "An inference is a deduction logically and properly drawn by reason from proven or admitted facts. It is more than, and cannot be predicated on, mere surmise or conjecture, i. e., ' " 'the possibility that a thing could have happened . . . an idea or a notion founded on the probability that a thing may have occurred . . . .' " ' Draper v. Louisville & Nashville R. Co., 348 Mo. 886, 893, 156 S.W.2d 626, 630; Louisville & Nashville R. Co. v. Mann's Adm'r., 227 Ky. 399, 13 S.W.2d 257, 258. An inference may not be forced, and guesswork does not constitute an allowable substitute." Smith v. Seven-Eleven, Inc., Mo.App., 430 S.W.2d 764, 769(4), and authorities there collected in notes 3 to 9, inclusive. With these principles in mind, we turn to the testimony of Hersheline Pinkley, the Readygas manager in Buffalo, who offered the only evidence pertaining to the matter under consideration.

When asked whether "Bradley ['was] an employee working under your supervision on May 8th [1969]," witness Pinkley said "yes, he was"; but, to the next succeeding question "as to whether Mr. Bradley worked all during the month of May of 1969," he hesitatingly responded, "during the month of May—now, I'm not sure about these—I'm not sure when he started, really." Pinkley later agreed with Bradley's counsel that there was "a week during

May" when Bradley did not work for Readygas and that he did "go to work sometime after" the hearing on May 15, 1969, when the temporary restraining order was dissolved. After his memory had been refreshed by a leading question, the witness "believed" that Bradley "had been off" from May 8 to 16. His wages during May 1969 were $80 per week. No employment or wage records were produced.

It will be remembered that Economy's suit sought to enjoin, and the temporary restraining order of May 8, 1969, did enjoin, Bradley "from *entering into employment* with Readygas . . . ." Nevertheless, if it be assumed *arguendo* that Pinkley's testimony was sufficient to permit findings that Bradley had entered into Readygas' employment prior to May 8, 1969, at a weekly wage of $80, and that he did not work for Readygas during the period of one week from May 8 to 15, it by no means follows that he sustained an $80 loss. Passing the obvious possibility that Bradley, the former employee of a competitor, might have been compensated by Readygas in such manner and amount that he actually sustained no monetary loss, we cannot ignore the absence of any evidence bearing upon whether or not Bradley either (a) sought or engaged in other gainful work or employment during the week of May 8 to 15 or (b) received compensation for such work or employment, if any.

■ It is a general rule that one against whom an injunction or restraining order has been issued wrongfully or improvidently is charged with the duty of minimizing the resulting damages, insofar as is reasonably possible. Sullivan v. Winer, Mo.App., 307 S.W.2d 704, 708(5); Reader Railroad v. Green, 228 Ark. 4, 305 S.W.2d 327, 329(2), 66 A.L.R.2d 1128, 1130; Johnson v. Brown, 138 Tenn. 395, 198 S.W. 243, 244; 42 Am.Jur.2d Injunctions § 377, p. 1196; annotation 66 A.L.R.2d 1131, 1132 (§ 2). Applying this principle in situations such as that here presented, a respected and oft-quoted authority declares that "[w]hen it is sought in an action upon an injunction

bond to recover damages for loss of time and employment, in the absence of any evidence showing that plaintiffs [obligees] used diligence in attempting to find other employment during the period in which they were enjoined, damages will not be allowed for such loss." 2 High on Injunctions (4th Ed.) § 1676, p. 1626. Accord: Shepherd v. Gambill, 29 Ky.L.R. 1163, 96 S.W. 1104, 1105(2, 3); Muller v. Fern, 35 Iowa 420; Nansemond Timber Co. v. Rountree, 122 N.C. 45, 29 S.E. 61, 62(4); Josephson v. Fremont Industries, Inc., 282 Minn. 51, 163 N.W.2d 297, 302(11); 42 Am.Jur.2d Injunctions § 377, p. 1196; annotation 66 A.L.R.2d 1131, 1133–1136 (§ 3).

■ With Bradley offering no testimony either in person or by deposition, it may not fairly and reasonably be inferred from the abbreviated and, in some respects, halting and uncertain testimony of witness Pinkley, considered as a whole [Garrard v. State Dept. of Public Health & Welfare, Mo.App., 375 S.W.2d 582, 592(25), and cases there cited], either (a) that Bradley actually sustained any pecuniary loss by reason of the restraining order or (b) if he did, that he had made any effort to minimize that loss. Accordingly, if defendant Bradley will, within fifteen days from the date hereof, enter a written remittitur in this court in the sum of $80, the judgment will stand affirmed for $504.75 as of the date on which judgment was entered in the circuit court; otherwise, the judgment will be set aside and the cause remanded for new trial. It is so ordered.

TITUS, P. J., and HOGAN, J., concur.