Ronald MASON et ux *v.*
Lindsey S. RUSSENBERGER et al

76-126                                            542 S.W. 2d 745

Opinion delivered November 8, 1976
(In Banc)

*Richard J. Orintas,* for appellants.

*Matthews, Purtle, Osterloh & Weber,* for appellees.

GEORGE ROSE SMITH, Justice. The appellants, Mr. and Mrs. Mason, brought this action for damages arising from the appellees' asserted failure to complete a contract by which they were to construct a dwelling house for the Masons. The trial judge directed a verdict for the defendants, on the ground that the plaintiffs' proof of damages was insufficient to enable the jury to fix the pecuniary loss. For reversal it is contended that the proof was sufficient.

The trial judge was right. The measure of damages in a case of this kind is the difference between the unpaid portion of the contract price and the reasonable cost of completing the construction. *Sternberg Dredging Co.* v. *Dawson,* 171 Ark. 604, 285 S.W. 32 (1926); *Northern Constr. Co.* v. *Johnson,* 132 Ark. 528, 201 S.W. 510 (1918). At the trial these appellants offered no evidence whatever that would have enabled the jury to fix the amount of damages in dollars and cents.

Even so, the appellants, citing *Crow* v. *Russell,* 226 Ark. 121, 289 S.W. 2d 195 (1956), argue that if the loss is shown with certainty the damages need not be proved with exactness. That case is distinguishable, however, not only because it involved a loss of future profits but also because the opinion recites a number of dollars-and-cents figures that were considered by the jury. The case at hand is similar to *Tolbert* v. *Samuels,* 229 Ark. 676, 317 S.W. 2d 715 (1958). There we upheld the chancellor's refusal to award damages, because "there is no evidence at all by which we could attempt to determine the pecuniary loss that resulted from this injury. That damage of this kind may be hard to prove in dollars and cents does not justify our reaching into the air for a figure that would represent only an unsupported guess on our part." That same difficulty would have confronted the jury in the present case. Moreover, an experienced builder would presumably have been able to estimate the cost of completing the house for the Masons.

We note that the appellants did establish a breach of contract on the part of the contractors, All-Servis Builders, Inc., and Albert Cullipher, and therefore might have sought nominal damages. The point is not before us, however, as no such request was made in the trial court, nor has the point been argued on appeal. Even if the issue had been raised, we do not remand a cause for a new trial merely because nominal damages were not awarded. *Crutcher* v. *Choctaw, O. & G. R.R.*, 74 Ark. 358, 85 S.W. 770 (1905).

Affirmed.

FOGLEMAN and BYRD, JJ., would award nominal damages and costs.