SOUTHWESTERN GLASS COMPANY, Inc. and Waelder Oil & Gas, Inc. *v.* ARKANSAS OKLAHOMA GAS, CORPORATION

95-1177                                                925 S.W.2d 164

Supreme Court of Arkansas
Opinion delivered July 15, 1996

*Harper, Young, Smith & Maurras*, by: *S. Walton Maurras*, for appellant Southwestern Glass Co.

*Warner, Smith, & Harris, PLC*, by: *Joel D. Johnson*, for appellant Waelder Oil & Gas, Inc.

*Daily, West Core, Coffman & Canfield*, by: *Jerry Lee Canfield*, for appellee.

*Barrett & Deacon*, by: *J. C. Deacon* and *D. P. Marshall, Jr.*, amicus curiae.

TOM GLAZE, Justice. Southwestern Glass Company, Inc., operates a manufacturing facility within the city limits of Van Buren, Arkansas. It entered into a contract with Waelder Oil & Gas, Inc., for the sale of natural gas and the construction of a natural gas pipeline from Waelder's gas well to Southwestern's facility. Waelder agreed to deliver its natural gas exclusively to Southwestern. Gaines Construction Co., Inc., was engaged to do the actual construction

of the pipeline, which included crossing under a public street and within close proximity of an already existing natural gas pipeline owned by Arkansas Oklahoma Gas Corporation (AOG). AOG is a public utility that possesses a non-exclusive franchise entitling it to use the public rights-of-way in Van Buren.

In its effort to prevent construction of Southwestern's pipeline, AOG filed a complaint in chancery court requesting the defendants Southwestern, Waelder, and Gaines be enjoined from laying the pipeline because there was insufficient space for its safe installation, operation and maintenance. The chancellor granted a temporary restraining order on June 27, 1995, but set a hearing date for July 11, 1995, to determine whether the order should be dissolved or made permanent.

On the day of the scheduled hearing, AOG filed an amended complaint raising six new grounds for relief, and Southwestern again moved to dismiss. The court offered either to proceed with the hearing on all issues or to adjourn to give the defendants Southwestern, Waelder, and Gaines more time to prepare. The defendants chose to proceed. The hearing resulted in the court enjoining defendants from completing the gas line, and from that decision, Southwestern, Waelder, and Gaines (hereinafter defendants) bring this appeal.

■ First, we address the defendants' argument that AOG should have filed its action with the Public Service Commission (PSC), not in chancery court. We disagree. The PSC is vested with the authority to adjudicate individual disputes involving public rights which the Commission is charged by law to administer. Public rights which the Commission may adjudicate are those arising from the public utility statutes enacted by the General Assembly, and the lawful rules, regulations, and orders entered by the Commission in the execution of the statutes. *Ozarks Elec. Coop. Corp.* v. *Harrelson*, 301 Ark. 123, 782 S.W.2d 570 (1990). Because in the present case the issues surrounded the enjoining of Southwestern's private use of the public rights-of-way and not a public right arising from the public utility statutes, jurisdiction was properly in chancery court.

We now turn to Southwestern's arguments that (1) AOG had no standing to request an injunction against Southwestern's private use of the city's right-of-way, and (2) even if AOG had standing,

the chancellor was wrong in holding Southwestern could not construct its pipeline in the city's right-of-way. Because we find merit to the substantive portion of Southwestern's argument, we need not discuss the standing issue.

First, we point out that the chancellor's order enjoined Southwestern from boring its pipeline which would have crossed under an AOG line already located under South 28th Street. That street is bordered on the west by Southwestern's property and on the east by property owned by Dillmeier-Houle Land Co. In other words, Southwestern's and Dillmeier's common boundary line is located on the center line of South 28th Street.

Southwestern submits that South 28th Street and South 28th Circle were created by the dedication of an easement, and as an abutting property owner, Southwestern owned the fee underlying the street and could make use of that fee so long as it was not inconsistent with the city's easement. Cases cited by Southwestern support its contention. For example, this court in *Freeze, Mayor v. Jones & Harvel*, 260 Ark. 193, 539 S.W.2d 425 (1976), considered the validity of a Ft. Smith ordinance vacating and abandoning a block of Bernie Avenue, and in discussing the city's rights in dedicating easements, stated that the ownership of the fee in the Bernie Avenue right-of-way remained in the abutting owners together with all rights not inconsistent with the public use to which the property was dedicated. *See also Lincoln Hotel Co. v. McGehee*, 181 Ark. 1117, 29 S.W.2d 668 (1930). In the present situation, Southwestern says its pipeline is to pass under the area used by the city for street purposes and also in no way interferes with AOG's line. Thus, because Southwestern's private pipeline is consistent with the city's use of its right-of-way, the chancellor's injunction infringed on Southwestern's rights as fee simple owners.

AOG counters Southwestern's argument by urging Southwestern's proposed private gas line is in direct conflict with the city's dedicated use of its right-of-way. AOG relates that it is a public utility which provides natural gas service in Van Buren under a non-exclusive franchise issued by the city. It points out that it has a four-inch, high-pressure pipeline located within the right-of-way of South 28th Street and Southwestern's proposed pipeline would have to physically cross AOG's pipeline in order to reach its intended destination at Southwestern's facility. AOG argues Southwestern has to locate AOG's line, expose it and bore some twelve-to-eighteen inches above or below the line in order to construct

Southwestern's line. In sum, AOG contends Southwestern's conflict with the public use to which the property was dedicated is evident because Southwestern's proposed pipeline (1) has already necessitated AOG's locating its own line, (2) would require AOG to uncover its line to accommodate safe construction of the proposed private line, and (3) would result in the city and utility companies operating in the future within twelve-to-eighteen inches of a pressurized gas line.

Our review of the record reveals gas pipelines presently parallel and cross one another in the areas inside and outside of the city. The evidence also shows that the twelve-to-eighteen-inch distance at which the Southwestern line would cross under AOG's line is in conformity with both the U. S. Department of Transportation's Pipeline Safety Regulations and the Arkansas Gas Pipeline Code. We note, too, that the PSC has authority to regulate safety concerns accompanying construction and maintenance of Southwestern's proposed gas line, as is evidenced by Ark. Code Ann. §§ 23-15-201 — 214 (1987 and Supp. 1995). And finally, no evidence was introduced to illustrate AOG's line must be moved to accommodate Southwestern's line or that Southwestern's line would block or alter AOG's line in any way. *Cf. Langford* v. *Griffin*, 179 Ark. 574, 175 S.W.2d 296 (1929); *City of Osceola* v. *Haynie*, 147 Ark. 290, 227 S.W. 407 (1921).

■■ The granting or denying of an injunction is a matter falling within the sound discretion of the trial court and its decision will not be reversed on appeal unless it is clearly erroneous. *Southeast Arkansas Landfill, Inc.* v. *State*, 313 Ark. 669, 858 S.W.2d 665 (1993). Because AOG failed to show how Southwestern's proposed pipeline would be in conflict or inconsistent with the city's public use of the dedicated easement and right-of-way, the chancellor was in error in enjoining the construction of Southwestern's line.

Accordingly, we reverse and remand for the reasons stated hereinabove.

Special Chief Justice JUDY SIMMONS HENRY joins in this opinion.

JESSON, C.J., and DUDLEY, J., not participating.