ARKANSAS OKLAHOMA GAS CORPORATION *v.*
WAELDER OIL & GAS, INC., and Southwestern Glass Co.,
Inc.

97-830 966 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered April 16, 1998

*Daily & Woods, P.L.L.C.*, by: *Jerry L. Canfield*, for appellant.

*Warner, Smith & Harris, PLC*, by: *Joel D. Johnson*, for appellees.

TOM GLAZE, Associate Justice. This appeal is the second one between the parties. *See Southwestern Glass Co. v. Arkansas Oklahoma Gas Corp.*, 325 Ark. 378, 925 S.W.2d 164 (1996). In *Southwestern Glass I*, we held that Arkansas Oklahoma Gas (AOG) failed to show how Southwestern Glass's proposed pipeline to be constructed in Ft. Smith would be inconsistent with the city's use of its right-of-way. Because the trial court had found differently and had issued a temporary restraining order enjoining Southwestern Glass and its contractor, Waelder Oil & Gas, Inc., from completing construction of Southwestern Glass's pipeline, we reversed and remanded with directions that the trial court's injunction be dissolved.

On remand, the trial court held a hearing to permit Southwestern Glass and Waelder the opportunity to show any damages they may have incurred which resulted from the erroneous entry of the trial court's temporary injunction. *See Citizens' Pipe Line Co. v. Twin City Pipe Line Co.*, 183 Ark. 1006, 39 S.W.2d 1017 (1931); *see also* Ark. Code Ann. § 16-113-405 (1987) (assessment of damages upon dissolution of injunction or restraining order), and § 16-113-203 (1987) (bond for damages and costs required for injunction to become effective); and Ark. R. Civ. P. 65. After the hearing, the trial court ruled that Southwestern Glass and Waelder

presented no evidence of damages that they had sustained between the time the temporary restraining order was issued on June 28, 1995, and when it was dissolved on July 18, 1996. The trial court further declared Southwestern Glass and Waelder were not entitled to attorney's fees under case law or statute, but it still made an award based on exhibits pertaining to attorney's fees incurred by Southwestern Glass in the amount of $3,978.35, and Waelder in the sum of $8,239.95, as a condition of the surety bond that AOG had obtained when the restraining order was granted. While Southwestern Glass and Waelder do not appeal the trial court's decision denying them damages, AOG appeals, arguing the trial court erred in making its award.[1] AOG's argument has merit.

We initially point out that the trial court fully recognized the long-established rule in Arkansas that attorney's fees are not recoverable in injunction cases. *Citizens' Pipe Line Co.*, 183 Ark. 1006, 39 S.W.2d 1017 (1931); *Tolbert v. Samuels*, 229 Ark. 676, 317 S.W.2d 715 (1958); *Oliphant v. Mansfield & Co., et al.*, 36 Ark. 191 (1880); *McDaniel v. Crabtree*, 21 Ark. 431 (1860). Moreover, the general rule in Arkansas is well settled that attorney's fees are not awarded unless expressly provided for by statute or rule. *Security Pac. Housing Servs., Inc. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *Chrisco v. Sun Ind., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). And while not argued, we mention Ark. Code Ann. § 16-22-308 (Repl. 1994), which allows for the award of attorney's fees in certain civil actions, including actions for breach of contract. However, this statute fails to help Southwestern Glass and Waelder, since no contract breach is argued here, and as discussed in this court's opinion, *infra*, AOG's surety bond in no way specifies or provides for attorney's fees in these circumstances.

---

[1] We note that Waelder argues AOG should not be allowed to contest the terms of the surety bond, because AOG never made such an argument below. However, Waelder and AOG developed opposing theories below — Waelder arguing the bond supported an award, and AOG insisting that such an award was not permissible in injunction cases or under statute or rule. It is these same arguments that are now made on appeal and are squarely before us for a decision.

In awarding attorney's fees conditioned upon AOG's bond, the trial court relied on the following wording from the *Citizens' Pipe Line* case:

> The rule is thus stated in chapter on Injunctions, 32 C.J., § 744: "Complainant's liability for wrongful issuance of an injunction at his instance may, of course, be fixed by the bond that he was required to give as a condition to the granting of the injunction. But, although there is contrary authority, the general rule, unless changed by statute, is that, without a bond for the payment of damages or other obligations of like effect, a party against whom an injunction has been wrongfully issued can recover no damages unless he can make out a case of malicious prosecution by showing malice and want of probable cause on the part of the party who obtained the injunction." 183 Ark. at 1010, 39 S.W.2d at 1018 (1931).

First, we note that, contrary to the trial court's ruling that the foregoing language somehow authorizes attorney's fees, that decision, as already discussed hereinaboye, actually holds that such fees are not allowed as damages when an injunction has been dissolved. In this respect, we find it telling that the trial court, Southwestern Glass or Waelder cite no Arkansas statute, rule, or case law which provides for attorney's fees when an injunction has been granted erroneously and a bond had been issued to effectuate the injunction.

Second, AOG's surety bond's language, itself, fails to support the trial court's award of attorney's fees. In this respect, the bond reads as follows:

> Surety, on behalf of itself and its principal [AOG], acknowledges their indebtedness to defendants in the amount of $25,000.00 conditioned on the payment by [AOG] of all damages, costs, and attorney's fees incurred by defendants in the event that it is finally decided that [AOG] is not entitled to the temporary restraining order entered in the captioned litigation.

As provided by AOG's bond, Southwestern Glass and Waelder were entitled to damages, costs, and attorney's fees they incurred in the event the temporary injunction granted AOG was set aside. However, neither Southwestern Glass nor Waelder presented evidence of damages and they do not contend otherwise on appeal.

Neither Southwestern Glass nor Waelder has shown it has incurred attorney's fees as authorized by statute, rule, or case law.

█ Finally, Waelder urges us to reconsider this court's decision in *Citizens Pipe Line Co.* and hold attorney's fees are recoverable in any injunction case. To support this requested change in law, Waelder cites only to secondary legal authority, 42 AM. JUR. 2d, *Injunctions* § 373 (1969), and offers no convincing argument why our present law regarding attorney's fee awards should be overruled. *See Sanders v. County of Sebastian*, 324 Ark. 433, 922 S.W.2d 334 (1996). We decline Waelder's request.

Reversed and remanded.

THORNTON, J., not participating.

BROWN and IMBER, JJ., concur for the added reason that the bond language regarding "damages, costs, and attorney's fees" is in the conjunctive. An award of attorney's fees is innaproriate absent an award of damages.