PACKET CO. v. SORRELS.

1. MUNICIPAL CORPORATIONS: *Authority over land dedicated for streets.*
   Where land is dedicated by the owner to public use as a street, the authorities of a city or town in which it is situated, cannot lawfully appropriate it to any other purpose.
2. INJUNCTION: *Against obstruction of street: Bill for.*
   One who suffers by the obstruction of a street a special and peculiar injury *not suffered* in common with the public, may maintain a suit for injunction against the continuance and for the abatement of the obstruction. But a complaint to obtain such relief, should state the facts which go to show the specific injury to the plaintiff. A general allegation that damages have resulted or will result, is not sufficient.

Packet Co. v. Sorrels.

**3. SAME:** *Same: Answer.*

A complaint for injunction alleged: That the plaintiff was the owner of a city lot bounded by a public street; that the defendant had erected a warehouse in the middle of such street within ten feet of the plaintiff's lot thereby almost completely obstructing the street, and had also dug a deep ditch at the north end and near the center of the street for the purpose of making a steamboat landing and so as to reach the river near the north end of said lot; that sa'd warehouse and ditch prevented the free use and occupation of the plaintiff's lot and damaged his property; but did not allege that the warehouse and ditch were in that part of the street abutting the plaintiff's lot. The answer admitted the construction of the warehouse and ditch, but denied that they in any manner interfered with or damaged the plaintiff's property. *Held:* That a demurrer to the answer should have been overruled, the denials in the answer being as broad and specific as the allegations of the complaint.

APPEAL from *Jefferson* Circuit Court in Chancery.
JOHN A. WILLIAMS, Judge.

*N. T. White*, for appellant.

1. The truth of the answer is confessed by the demurrer. The question then is: Does the answer contain facts sufficient to defeat appellant's right to recover?

The streets belong to the general, rather than to the local public. The proper officers of the commonwealth may proceed in the name of the public by injunction for relief against obstructions or encroachments. 2 *Dill. Munic. Corp.*, sec. 659, note 1; 76 *Ill*, 231; 57 *Id.*, 283; 10 *Bush.*, (*Ky.*) 288; 56 *Ill.*, 451.

To constitute a building or other structure on the street a nuisance per se, it must have been placed there without legislative sanction. 2 *Dill. Munic. Corp.*, sec. 660; 14 *N. Y.*, 506.

Resident citizens or tax payers *cannot, as such*, on their own behalf, or on behalf of others, maintain a suit to restrain or avoid corporate acts alleged to be illegal. The public by its authorized agents or officers must proceed to prevent or redress the illegal act. 2 *Dill. Munic. Corp.*, sec. 920. In this case all allegations of *special* or *peculiar*

*injury,* or damage, distinct from what the public suffers, are denied by the answer, and it is avered that appellee has suffered no such special or peculiar injury.

See 40 *Ill.,* 481; 20 *N. J. Eq.,* 435; 20 *Ib.,* 530; 69 *Pa. St.,* 59; 50 *Ga.,* 451.

2. The city council has the care, supervision, control, etc., of its streets, etc., *sec.* 737 *Mansf. Dig.,* and power to establish levees, wharves, etc. *Sec.* 740 *Ib.;* 2 *Dill. Munic. Corp., sec.* 649 *and note;* 1 *Ib., sec.* 109 *and note.*

By act 1885, section 3, page 97, cities may vacate or lease such portions of the streets, wharves, etc., as may not be required for public use, etc. This act was held constitutional in 49 *Ark.,* 199. The council had the right to permit a building to be maintained on a public wharf, for the public convenience. 94 *U. S.,* 324; 2 *Dill. C. C.,* 70; 1 *Dill. Munic. Corp., sec.* 103; 4 *A. and E. Corp.,* *cases* 511 *and notes.*

*T. F. Sorrells,* for appellee.

Where a lot fronts on a street, and the deed calls for for the street as a boundary, the title passes to the center of the street, subject alone to the public use. *Kent Com., Vol.* 3, *p.* 433; 2 *Smith, Lead. Cases,* 218; 6 *Pet.,* 499; 21 *Peck,* 295; *Angell on Highways;* 293–303; 34 *Paige,* 513; 5 *Porter,* 309; 12 *Ga.,* 245; 22 *Wend.,* 126; 1 *Sandf.,* 323; 8 *B. Mon.,* 232, 237; 11 *B. Mon.,* 163; 24 *Ark.,* 102. And no city ordinance can deprive him of this right, not even under an act of the legislature. *Smith Lead. Cases, 8th. Ed.*) 160.

The ordinance of the city was *ultra vires* and void. *Const. Ark.* 1874, *Art.* 2; *sec.* 22, *and Art.* 12, *sec.* 9; 61 *Ill.,* 115; 6 *Wisc.,* 605; 25 *Mo.,* 277; 18 *Cal.,* 229; 24 *Id.,* 427; 37 *Miss.,* 700; 10 *Iowa,* 540; 50 *N. H.,* 591; 1 *Ga.,* 524; 46 *Ga.,* 43; 19 *Wend.,* 659.

The easement attaches to the lot, and is as much pro-; perty as the lot itself. 7 *Oh. St.*, 459–469; 14 *Oh. St.*, 541; 22 *Iowa*, 351.

The owner of a lot may enjoin by bill in equity one who obstructs a street. 9 *S. and R.*, 31; 3 *Rand.*, 563; 19 *Conn.*, 182; 11 *Id.*. 82; 13 *Mass.*, 255; 94 *U. S.*, 324.

The city authorities cannot confer upon a private person or corporation a right to use a street, or a portion thereof, for any purpose except for passing or repassing. 32 *Me.*, 431; 15 *Kans.*, 81; 4 *Hun.*, 675; 33 *N. J. L.* —; 15 *Fla.*, 306.

Nor can the city council, even by legislative authority, release the public right in a street already dedicated. 76 *N. Y.*, 108; 16 *Cold.*, 150; 27 *Mich.*, 262; 15 *Abb. Pr. N. S.*, 115; 46 *How. Pr.*, 389.

BATTLE, J. On the 25th of May, 1885, Theodoric F. Sorrells filed his complaint in the Jefferson circuit court, alleging, among other things, the following :

That in the year 1830 John W. and James T. Pullen purchased from the United States the land on which the city of Pine Bluff is situated, and in the same year sold a part of the same to one Anthony H. Davis ; that in the year 1838 Davis sold to James J. Chowning, William II. Pinkard and Henry S. Dawson a three-fourths interest in this land.

That in the year 1838 the then owners of the land caused the same to be surveyed off into lots and blocks, and in the same year filed in the office of the clerk of Jefferson county a plat and plan of the city of Pine Bluff, designating and naming the various streets and alleys and dedicating to public use the streets of the city.

That long after the filing of the plat of the city, plaintiff became the legal owner in fee of lot number 5 in block

number 14, and has been in peaceable and adverse posses-
sion thereof since his purchase, for a period of twenty-four
years. That said lot is situate at the corner of Barraque
and Dardenne streets, fronting 60 feet on Barraque
street, running 154 feet north on Dardenne street near
the Arkansas river.

That the defendants, John D. Adams, Jas. H. Reed,
John H. Harbin and Samuel Hilzheim, composing the
Arkansas River Packet Company, have, in violation of
the rights of plaintiff, erected a warehouse in the middle
of Dardenne street, within ten feet of the lot, thereby
almost completely obstructing said street, and dug a
deep ditch at the north end and near the center of the
street for the purpose of making a steamboat landing.
That the ditch is so constructed as to reach the river
near the north end of said lot, and that the erection and
maintenance of the warehouse on said street and the
ditch prevent the free use and occupation of the lot and
damage his property; and were made without his
knowledge and consent.

The complaint then prays that the court make an order
restraining and enjoining the defendants from keeping
said warehouse any longer in Dardenne street, and that
the defendants be required to remove the same from said
street and to fill up the ditch.

To this complaint defendants filed an answer, in
which they admit that they have a warehouse on the
north end of Dardenne street, north of Barraque street,
but deny that the same, in any manner interferes with
the property of plaintiff, or that by the erection thereof
they violated any of his rights, and allege that Dardenne
street, north of Barraque street has been set apart and
designated by the city council of Pine Bluff as the city
wharf, and that the ditch complained of by plaintiff was

dug and is maintained as a passage to and from steam-boats for the convenience of loading and unloading freight and passengers, and that the same was necessary for such purposes. They positively deny that the excavation of the ditch or the maintenance of the warehouse upon Dardenne street has, in any manner, interfered with or in the slightest degree injured the property of plaintiff, or that the same is a nuisance, or that the value of plaintiff's property has in any way been impaired, or injured there-by, but that such improvements have increased its value. They pleaded the ordinance of the city of Pine Bluff establishing the city wharf, and annex to their answer a certified copy of the city ordinance establishing Dardenne street north of Barraque street to the lower water mark on the Arkansas river as such wharf.

Plaintiff demurred to the answer because the facts therein stated are not sufficient to constitute a defense; and the court sustained the demurrer to so much of it as pleads the ordinance of the city council of Pine Bluff as authority for building the warehouse, and in other re-spects overruled it; and, the defendants refusing to plead further, the court rendered a decree, granting an injunction, and commanding defendants, within thirty days, to move the warehouse from Dardenne street. And defendants appealed.

In Taylor v. Armstrong, 24 Ark., 102, this court held, that the interest which the public acquires by the dedi-cation of land for a street or other highway, is merely an easement or right of passage over the soil, and that the owner, who made the dedication, still retains the fee, together with all rights of property not inconsistent with the public use; and that a subsequent conveyance by such owner of a lot on a street laid off and dedicated by him to the public use, in the absence of a reservation,

Packet Co. v. Sorrels.

expressed or implied, to the contrary, vests in his grantee the fee in the street to the center as a part and parcel of the grant, subject to the right of the public to use it for the purposes of a street; and that, in the absence of proof, the presumption is that the owners of lots on each side own such fee to the center of the street.

Mr. Kent, in his Commentaries, says: " Every thoroughfare which is used by the public, and is, in the language of the English books, 'common to all the king's subjects' is a highway, whether it be a carriage way, a horse way, a foot way, or a navigable river. 'It is,' says Lord Holt, 'the *genus* of all public ways.' The law with respect to public highways and to fresh water rivers is the same, and the analogy perfect as concerns the right of soil. The presumption is, that the owners of the land on each side go to the center of the road, and they have the exclusve right to the soil, subject to the right of passage in the public. Being owners of the soil, they have a right to all ordinary remedies for the freehold. They may maintain an action of ejectment for encroachments upon the road, or an assize if disseized of it, or tresspass against any person who digs up the soil of it, or cuts down any trees growing on the side of the road, and left there for shade or ornament. The freehold and all profits belong to the owners of the adjoining lands. They may carry water in pipes under the highway, and have every use and remedy that is consistent with the public servitude or easement of a way over it, and with police regulations. The established inference of law is, that a conveyance of land bounded on a public highway carries with it the fee to the center of the road, as part and parcel of the grant. The idea of an intention in the grantor to withhold his interest in a road to the middle

of it, after parting with all his right and title to. the adjoining land, is never to be presumed. It would be contrary to universal practice; and it was said in Peck v. Smith, that there was no instance where the fee of a a highway, as distinct from the adjoining land, was ever retained by the vendor. It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule, that a grant of land bounded upon a highway or river carries the fee in the highway or river to the center of it, provided the grantor at the time owned to the center, and there be no words or specific description to show a contrary intent." 3 *Kent Com.*, *marginal page*, 432.

It follows, then, that land dedicated by the owner as a street to the use of the public cannot lawfully be used for any other purpose; and that if lots bounded by it have been conveyed by such owner, without reservation of the fee in the street, the right to the use and possession of the one half of the street adjoining such lots would pass to the person owning the lots, when the right to use the same as a street ceases to exist; and that the authorities of the town or city in which the same is situate cannot lawfully appropriate or divert it to uses and purposes foreign to those for which it was dedicated; nor is it within the power of the legislature to authorize a disposal or diversion of it to uses foreign to the dedication. The legislature cannot authorize its appropriation to private purposes; nor to public purposes, except in the manner private property can be taken for the use of the public under the right of eminent domain. *In re John and Cherry Streets*, 19 *Wend.*, 659; *Warren v. Mayor, of Lyons*, 22 *Iowa*, 351; *LeClerq. v. Gallipolis*, 7 *Ohio*, 354; 2 *Dillon on Municipal Corporations*, (3d Ed.) secs. 650, 651 *and authorities cited.*

1. MUNICIPAL CORPORATIONS : Authority over land dedicated for streets.

In *Hot Springs R. R. Co. v. Williamson*, 45 *Ark.*, 429, it was held by this court, that "under the constitution of 1874, which provides that 'private property shall not be taken, appropriated or damaged without just compensation,' the owner of premises abutting upon a street in a city or town may recover from a railroad company the damages resulting to his premises by the construction of its road-bed or other structures, on its right of way along the street, in such manner as to obstruct access to the premises, though he have no interest in the fee of the street, and no part of his premises be taken, and the road or other structure be skillfully or properly built." .

2. INJUNC-
TION:
Against
obstruction
of street:
Bill for.

Appellants, if the pleadings be true, had no right to obstruct Dardenne street by their warehouse. The ordinance of the city council did not confer that right upon them. If appellee has suffered a special and peculiar injury thereby, not suffered in common with the public affected by the obstruction, he has his right of action for damages, or may maintain a suit for injunction against its continuance and for its abatement. *Draper v. Mackey*, 35 *Ark.*, 497; *Penn v. Bridge Co.*, 13 *How.*, 518; *Railroad Co. v. Ward*, 2 *Black.*, 485; *Bemis v. Upham*, 13 *Pick.*, 169; *Wellborn v. Davies*, 40 *Ark.*, 83; *Railroad Co. v. Cohen*, 50 *Ga.*, 461. But to maintain a suit in equity for injunction he should aver and prove the specific injury. A general allegation that damages have or will result is not sufficient, but the facts which go to show that such an injury has or will occur should be stated. But he only shows that the warehouse was erected in the middle of Dardenne street, within ten feet of his lot, thereby almost completely obstructing the street, and that the ditch and warehouse prevent the free use and occupation of his lot, and damage him. In their answer appellants deny that the warehouse and ditch in any manner interfere

3. SAME:
Same:
Answer.

with his property, or have in the slightest degree injured it, but, on the contrary, have increased its value. The complaint does not show that the warehouse and ditch are in that portion of the street abutting appellee's lot, or that he has suffered a special or peculiar injury, which is not denied by the answer. The denials in the answer are as broad and specific in this respect as the allegations in the complaint. The demurrer to the answer should have been overruled.

The decree of the court below is reversed, and this cause is remanded with leave to both parties to amend their respective pleadings, if they so desire, and for further proceedings.