OSCEOLA *v.* HAYNIE.

## Opinion delivered January 31, 1921.

1. ESTOPPEL—ACQUIESCENCE.—One who expressly consented that a city jail might be erected in the street adjoining her property was estopped to complain of such erection; but one who saw the building in course of erection and made no protest was not estopped where the city did not rely on his silence; much less would an adjacent property owner be estopped who did not know of the erection of the building.

2. MUNICIPAL CORPORATIONS—DIVERSION OF STREET TO OTHER USE.—Under Crawford & Moses' Digest, §§ 7570, 7607, it is a city's duty to keep the streets open, and it can not divert a street to uses and purposes foreign to that for which it was dedicated.

3. MUNICIPAL CORPORATIONS — INJUNCTION AGAINST NUISANCE IN STREET.—Owners of property specially damaged by erection of a jail in the street are entitled to an injunction to remove the nuisance.

Appeal from Mississippi Chancery Court, Osceola District; *Archer Wheatley,* Chancellor; affirmed.

*W. J. Driver,* for appellants.

The injury complained of should have been brought in the law court. It was a suit growing out of alleged injury and damages to plaintiff's property by constructing a building sought to be declared a nuisance. The rule applicable to the issues here is clearly stated in 29 Cyc. 1210. This rule is approved in 73 Neb. 798; 191 Ill. 605; 12 Peters 91. The parties suing are estopped. They invited the location of the building and had notice and they failed to speak, object or interfere until the building was erected, which was incapable of removal and great expense incurred, and the parties are estopped by their acts and silence. Cases *supra,* and 51 Ark. 235. Upon the pleadings and evidence it was the duty of the chancellor to dismiss the complaint.

*J. T. Coston,* for appellees.

The obstruction of the street was a public nuisance and a plain violation of the law, and the chancellor was right in his views and decision, as a plain case was made

for the abatement of a public nuisance. 2 Pomeroy, §
805; 37 N. E. 220; 66 S. W. 11.

SMITH, J.    The plaintiffs in this suit—three in num-
ber—together owned all the lots in block 16 in Townsite
Addition to the city of Osceola, and, in their complaint,
alleged that the city had erected in Ford Avenue, which
is one of the streets bounding said block, a building to
be used as a jail and by the fire department, thereby
creating a nuisance.   The prayer of the complaint was
that the city be required to remove the building, and
from a decree granting the relief prayed is this appeal.

The answer admitted the erection of the building in
the street, but denied that it interfered with the proper
and free use thereof, and it was alleged that plaintiffs
were estopped by their conduct from prosecuting this
suit.

Witnesses for the plaintiffs testified that the plain-
tiff's property was greatly damaged by the erection of
the building, and estimates of the damage varied from
ten to fifty per cent. of the original value of the property.

The city made no attempt to show that the building
in the street had not depreciated the value of the prop-
erty, but offered testimony to the effect that Mrs. Bowen,
one of the plaintiffs, was asked about the building before
its construction was begun, and that she gave her consent
to its erection.   As to one of the other plaintiffs, testi-
mony was offered to the effect that he was advised of the
city's plans, and made no objection.

If it be conceded that Mrs. Bowen had, by her as-
sent, estopped herself from subsequently complaining, it
can not be said that this is true of the other plaintiffs.
The testimony does show that C. C. Bowen, one of the
plaintiffs, saw the building every day while it was being
erected.   But there is no testimony that the city council
was influenced by his conduct.   The construction of the
building was begun without consulting him; and it is not
shown that the third plaintiff who did not reside in the

city even knew of its construction, and this plaintiff owned the lot adjacent to the city building.

In the case of *Packet Co.* v. *Sorrels,* 50 Ark. 473, it was said that authorities of a town or city can not lawfully appropriate or divert a street to uses and purposes foreign to that for which it was dedicated; and that it is not within the power of the Legislature to authorize its appropriation to private use nor to public purposes except in the manner in which private property can be taken for the use of the public under the right of eminent domain. The city had no right to close the street. Upon the contrary, it was the duty of the city to keep the street open. C. & M. Digest, §§ 7570 and 7607; *Little Rock* v. *Jeuryens,* 133 Ark. 126.

The plaintiffs here have shown a damage in addition to that sustained by the public. Their property has been damaged in value, and under numerous decisions of this court they are entitled to an injunction to remove the nuisance. *Dickinson* v. *Ark. City Imp. Co.,* 77 Ark. 570; *Matthews* v. *Bloodworth,* 111 Ark. 549; *Wellborn* v. *Davies,* 40 Ark. 83; *Packet Co.* v. *Sorrels,* 50 Ark. 474; *Texarkana* v. *Leach,* 66 Ark. 42; *Davies* v. *Epstein,* 77 Ark. 227; *Stoutemeyer* v. *Sharp,* 89 Ark. 177; *Draper* v. *Mackey,* 35 Ark. 497.

The decree of the court below is therefore affirmed.