LINCOLN *v.* McGEHEE HOTEL COMPANY, INC.

Opinion delivered June 30, 1930.

*Carmichael & Hendricks,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HART, C. J.  Appellant brought this suit in equity against the appellee to enjoin it from erecting two smokestacks which will be attached to a fourteen-story building across a street upon which abuts the building of the appellant.  The record shows that the appellant and the appellee are the owners of lots in block 79 of the city of Little Rock.  Appellant owns lots 1, 2 and 3 on the north side of what is called Bridge Street, extending east and west through said block, and has a four-story building which faces Main Street on the east and Bridge Street on the south.  Appellee is building a fourteen-story concrete hotel on lot 12 which faces Bridge Street on the north, and Main Street on the east.  Bridge Street is twenty feet five inches from the wall of appellant's building on the north to the wall of the proposed building of the appellee on the south side of Bridge Street.  The city council gave the appellee permission to erect two smokestacks, respectively forty-four and forty inches in diameter, which are to be placed on a bracket or shelf eighteen feet above the surface of Bridge Street.  The bracket upon which the smokestacks will rest is entirely above the traffic of the street, and will not interfere with it.  The smokestacks will be riveted into the hotel building and will be as solid as the wall of the hotel.  Bridge Street was dedicated in the year 1839 and the dedication recites that the abutting property owners retain a fee in the alley or street subject to the use of the public.

Other facts will be stated or referred to in the opinion.

The complaint was dismissed for want of equity, and the case is here on appeal.

Counsel for the appellant base the right to injunctive relief on the ground that the act complained of constituted a permanent encroachment upon Bridge Street and thereby became a public nuisance which the appellant, as abutting owner of real property, was entitled to abate because he was specially injured. *Ruffner* v. *Phelps,* 65 Ark. 410; *Sander* v. *Blytheville,* 164 Ark. 434.

At the outset it may be well to define the rights of all parties concerned. Subject to the easement of the public in a street to enjoy and use as a highway, the fee therein belongs to the owners of the adjacent lots. *Packet Co.* v. *Sorrels,* 50 Ark. 466; *Hoxie* v. *Gibson,* 150 Ark. 432; *Dent* v. *Bowers,* 166 Ark. 414. Under § 7607 of Crawford & Moses' Digest the city council has the care, supervision, and control of all the public streets and alleys within the city, and it is made the duty of the council to cause the same to be kept open and in repair and free from nuisance. Under the principles of law decided in these cases and many more which might be cited, abutting owners of real property have a right to enjoin the council from permitting or any one from making any permanent encroachments on the streets of the city on the ground that such encroachments constitute a public nuisance, and the abutting owners are entitled to injunctive relief where they allege and prove special injury. In the application of these well settled principles of law, this court has repeatedly held that the erection of permanent structures, or the act of closing in part or in whole any public street or alley, entitles the abutting owners of real property to abate the same by injunction. *Davies* v. *Epstein,* 77 Ark. 221, 227; *Simon* v. *Pemberton,* 112 Ark. 202; *Osceola* v. *Haynie,* 147 Ark. 290; *Brewer* v. *Mo. Pac. R. R. Co.,* 161 Ark. 528; *Langford* v. *Griffin,* 179 Ark. 577. The reason for granting injunctive relief in

each case is that the abutting property owners has been deprived of egress and ingress to and from his property, and that this constitutes a special injury to his property which differs in kind from that suffered by his neighbors. In the case at bar no special injury of this kind is shown. The smokestacks are placed on a bracket above the street, so that the ingress and egress to the property of the appellant is not in any wise affected. The smokestacks are securely fastened to the wall of the building, so that, according to the evidence introduced, they are a part of the building itself and will stand as long as the walls of the building stand.

The evidence for the appellee also shows that there will be a shadow cast by the wall of the building which is to be erected by the appellee over the building of the appellant, so that the light entering the building of appellant will not be affected by the erection of the smokestacks. In other words, the testimony shows that the shadow cast by the building would affect the light entering the appellant's building just as much without the smokestacks as with them. It is also contended by counsel for the appellant that his right to the air entering his building will be affected by the erection of the smokestacks in the alley. We do not think the proof on this phase of the case is sufficient to entitle the appellant to injunctive relief. It is a matter of common knowledge that houses are built close together in cities, and the slight interference with the air entering appellant's building will be merely an incident to city life, and, according to the proof, will not be of sufficient disturbance to his rights to entitle him to the injunctive relief prayed for.

The decree is therefore affirmed.