BROOKSHER *v.* JONES.

5-3440                                    386 S. W. 2d 253

Opinion delivered February 1, 1965.

*Harper, Harper, Young & Durden,* for appellant.

*Hardin, Barton, Hardin & Jesson,* for appellee.

PAUL WARD, Associate Justice. This appeal deals with the power of a city to vacate or close a portion of a street under the facts here involved.

On March 15, 1963 the City Commissioners of Fort Smith (hereafter referred to as the Commission) passed Ordinance No. 2399, the principal effect of which would have been to vacate a portion of Birnie Avenue and grant Safeway Stores, Inc. the exclusive right to occupy the vacated portion.

A few days after passage of said ordinance Buck Jones, a citizen and taxpayer of Fort Smith, filed a complaint against the Commission (suit No. 1785) alleging in substance that many persons are still using said avenue and have been doing so continuously for the past five years, and that the attempt to close the street was contrary to law. The prayer was to enjoin the Commission from vacating said portion of the avenue. To the above complaint the Commission filed a demurrer and also an answer, contending they had a legal right to vacate a portion of said avenue under Ark. Stat. Ann. § 19-2304 (Repl. 1956) which is Section 3 of Act No. 67 of 1885. They also denied all material allegations in the complaint and asked for a dismissal of the complaint.

On April 9, 1963 eighteen other citizens and taxpayers of Fort Smith filed a similar suit (No. 1837) against the Commission, alleging that they were owners of property located on said avenue; that the said avenue had been continuously open to, and used by, the public for travel for more than twenty years; that the portion to be closed was "necessary and vital for corporate purposes and for the public interest and welfare"; and, that the Commission acted arbitrarily and unreasonably in passing said ordinance, and that it had no power or authority to do so. They prayed that the ordinance be

declared illegal and void and that the Commission be enjoined from vacating said portion of the avenue. The Commission entered a general denial, and later by order of the court the two suits were consolidated for trial.

All parties moved for a summary judgment pursuant to Act No. 123 of 1961—Ark. Stat. Ann. § 29-211 (Repl. 1962), and the matter was accordingly submitted to the trial court on three affidavits filed by the plaintiffs. No affidavit was filed by the Commission.

The trial court prepared a full and comprehensive written opinion and then entered a decree enjoining the Commission from enforcing Ordinance No. 2399 and declaring the ordinance to be null and void. For a reversal of the decree appellant (the Commission) prosecutes the appeal, contending:

"The lower Court erred in finding and holding that Section 19-2304, Ark. Stats. 1947, was repealed by Section 19-3825; in granting appellees' motion for summary judgment and in failing to grant appellants' motion for summary judgment."

We have concluded the trial court must be affirmed in enjoining the Commission from enforcing Ordinance No. 2399.

Although it is not material to this opinion, we do not agree that § 19-2304 has been repealed by § 19-3825. See: *Cernauskas* v. *Fletcher,* 211 Ark. 678, 201 S. W. 2d 999. A careful study of § 19-2304 reveals no authority for the Commission, under the undisputed facts set forth in the affidavits, to vacate and close a portion of Birnie Avenue "for the purpose of allowing Safeway Stores, Incorporated . . . to build, construct and own buildings and other improvements . . ." over and across the designated portion of Birnie Avenue. (Quotes are from the ordinance.) As we interpret § 19-2304, before a city can have the right and power to vacate or lease out a portion of a street it must first be shown that the said portion is not being "required for corporate purposes . . ."— i.e. for a street. The part of § 19-2304 pertinent to this case is the second section which reads:

"To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes, and where lands have been or may be acquired or donated to such city, for any object or purpose which has become impossible or impracticable, the same may be used or devoted for other proper public or corporate purposes, or sold by order of the city council and the proceeds applied therefor."

It would be a strained, if not a dangerous, interpretation of the above section to say it gives a city the right to arbitrarily close a street which is being used by the public.

We find nothing in the record here to show that Birnie Avenue (or any portion thereof) was not being constantly used by appellees and the public in general. All the facts presented to the trial court are those set forth in the three affidavits produced by appellees. These facts are all to the effect that Birnie Avenue was dedicated as a public street in 1906; that the street is used daily by more than 200 cars; and that it would work a hardship on many people if a portion of the street (or avenue) were closed. No evidence to the contrary was presented to the court.

The Commission, in support of its contention, relies on *Risser* v. *City of Little Rock*, 225 Ark. 318, 281 S. W. 2d 949 and *Kansas City So. Ry. Co.* v. *City of Fort Smith*, 228 Ark. 625, 309 S. W. 2d 315. We find nothing in those cases which is decisive of the issue here involved. In the *Risser* case only three questions were discussed on appeal: Is the city bound by a contract? Is the cause res judicata? And, have appellants suffered special or peculiar damages? In the other case it appears that the City of Fort Smith in the year 1911 closed a street so the railroad could construct a depot with no question being raised as to the power of the city. Some forty five years later we held the city could not maintain an action in ejectment against the railroad company.

We make it plain that we are not holding a city has no right under any factual situation to vacate a street under § 19-2304, but we are merely holding that the Commission had no such right in this instance under the undisputed facts as shown by the record.

The decree of the trial court is affirmed.