Jack FREEZE, Mayor, et al *v.* Buck JONES
and Raybon L. HARVEL

75-386                                    539 S.W. 2d 425

Opinion delivered July 12, 1976
[Rehearing denied September 13, 1976.]

*Dailey, West, Core & Coffman,* for appellants.

*Franklin Wilder,* for appellees.

JOHN A. FOGLEMAN, Justice. On December 23, 1974, the Board of Directors of the City of Fort Smith adopted Ordinance 3224 vacating and abandoning a block of Birnie Avenue between Midland Boulevard and North 32nd Street. The city's action was initiated by the petition of Safeway Stores, Inc., the owner of all the abutting property on both sides of Birnie Avenue between Midland and North 32nd Street. It was filed October 23, 1974, and was followed by a public hearing on December 3, 1974, at which presentations about the closing were made by the city's Director of Planning and by the attorney for the petitioners. No one spoke in opposition to the proposed action, although notice was published twice in November.

The portion of the street affected was dedicated as Prairie Avenue by the filing of a plat of Kelley's Addition to Fort Smith in 1906. Birnie ends at Midland on the west and Albert Pike on the east. Pryor Avenue is one block, and

Kelley Highway, two blocks, south of Birnie. Wirsing is one block, and Johnson, two blocks, north. The street right-of-way was 50 feet wide but the paved portion was only 20 feet wide. There was a dip in the street between Midland and North 32nd where a branch or drainage ditch crossed it. After heavy rains, Birnie was rendered impassable for a time. Continued washing made maintenance difficult on this part of the street.

Midland Boulevard is one of the main traffic arteries in Fort Smith. It consists of three lanes of traffic in each direction, divided by a median. It carries 16,000 vehicles per day. It runs diagonally in a northeasterly-southwesterly direction. Albert Pike is a heavily travelled street connecting with Midland, north of Birnie. North 32nd Street between Kelley Highway and Spradling are also arterial streets. There are no residential uses of the property abutting the portion of Birnie vacated.

Immediately after the petition was filed, Safeway Stores conveyed the property on both sides of Birnie to Wal-Mart Properties, Inc., who then planned to build a shopping center on it.. The latter corporation promptly conveyed the south one-half of the right-of-way to the City of Fort Smith, and it will be used for utilities. No one questions the fact that the closing of the street was critical to the shopping center plans, as it enables the abutting property owner to build a shopping center on one side and a parking lot on the other without a street intervening.

In the ordinance, the Board of Directors of the city specifically found that the right-of-way was not required for corporate purposes, that no public inconvenience would result from the closing, that the owners (who were the petitioners) had consented to the abandonment, and that the public interest and welfare would not be adversely affected.

On December 22, 1974, appellee Buck Jones, petitioned the Chancery Court of Sebastian County to enjoin the closing of the street, alleging that the ordinance violated Ark. Stat. Ann. § 19-3825 (Repl. 1968) and that *Brooksher v. Jones,* 238 Ark. 1005, 386 S.W. 2d 253 barred the closing of this portion of the street, as res judicata. Appellee Harvel was added as a plaintiff by an amended petition. Another amendment filed

on the day before the trial alleged that the action of the city in adopting the ordinance was arbitrary, capricious, unreasonable, not for any public purpose, and in violation of public safety. The decree from which this appeal was taken declared the ordinance null and void and enjoined the city from carrying it into effect. On trial de novo, we reverse.

We first quickly dispose of appellees' argument that this case is governed by our decision in *Brooksher v. Jones,* supra, in which an ordinance closing the same portion of Birnie Avenue was held void. The chancery court correctly rejected appellees' plea of res judicata, even if the parties are considered as identical. In *Brooksher,* we expressly disavowed any intention to hold that the city could not vacate the street under Ark. Stat. Ann. § 19-2304 (Repl. 1968) under any circumstances. We restricted the holding to the undisputed facts then before the court. The critical distinction is that as we have twice previously pointed out, there was no finding by the city governing board, or other evidence, that this portion of Birnie Avenue was not required for corporate purposes, as there was here. *Kemp v. Simmons,* 244 Ark. 1052, 428 S.W. 2d 59; *City of Little Rock v. Linn,* 245 Ark. 260, 432 S.W. 2d 455.[1] Evidence in the present case shows that traffic on Birnie Avenue has declined since the trial in *Brooksher.* The only evidence on the subject then was that closing of this portion of the street would work a hardship on many people. The preponderance of the evidence is to the contrary here. So *Brooksher* is not controlling here, either as res judicata or binding precedent.

We just as quickly dispose of appellees' contention that the power of the city to close the street under Ark. Stat. Ann. § 19-2304 was limited by § 19-3825. The very words of the opinion in *Brooksher,* supra, relied upon by appelles so strongly as res judicata, clearly indicate the contrary. The same indication is also clearly implicit in our decisions in *Stephens v. City of Springdale,* 233 Ark. 865, 350 S.W. 2d 182; *Roberts v. Pace,* 230 Ark. 280, 322 S.W. 2d 75; *Risser v. City of Little Rock,* 225 Ark. 318, 281 S.W. 2d 949, cert. den. 350 U.S. 965; and

---

[1] In *Brooksher,* the only finding as to the basis for the action of the City Commission was that it was for the purpose of allowing Safeway Stores, Inc. to erect buildings on the vacated portion of the street.

*Cernauskas* v. *Fletcher,* 211 Ark. 678, 201 S.W. 2d 999. See also *City of Little Rock* v. *Linn,* supra.

The city challenged the standing of appellees to bring the action. Appellee Harvel had resided for 30 years at 2620 North 37th Street in Prairie View Addition, which is at the corner of North 37th Street and Birnie Avenue. This is five blocks from the strip closed by the ordinance. Appellee Jones' property is at 4817 South V Street, far removed from Birnie Avenue. Jones also has some interest in a tract at 3620 North 6th Street, which is also quite distant from the strip of street being vacated.

It is well settled that appelles, as citizens and taxpayers did not have standing to challenge the city's action. *City of Little Rock* v. *Linn,* supra. Relief is available to those who suffer special and peculiar injury or damage, but this special injury or damage must be such as is not common to the public in general and not just a matter of general public inconvenience.

No attempt was ever made to show that appellee Jones had suffered special damages which would give him standing to challenge the street closing. Harvel attempted to show special damage by reason of diminished fire protection and inconvenience of travel. He based his contention about fire protection upon the location of fire plugs and additional turns required at square corners. He had been a District Fire Chief in Fort Smith before his retirement. He said that the number one response company for his area would come south on Albert Pike and west on Birnie to his property and not use the closed portion at all. The number two response company is west and south of his property and according to his information would proceed to Kelley Highway, on Kelley to Midland, thence left on Midland, on Midland to Birnie and then left on Birnie. He said that square turns at Kelley and North 32nd and at Pryor and North 32nd would be more difficult for fire equipment than the angle turn to the right at Midland and Birnie. Harvel said that if Birnie were closed, he would have to drive to Kelley Avenue to enter Midland when he travelled downtown. He could also travel north on North 32nd Street to enter Midland. At each of these alternate intersections there is a traffic light, but there is none at the west end of Birnie. Harvel said he would have to make an extra

turn in travelling either alternate route and he objected to having to wait at traffic lights before entering Midland. He also testified that it would be more difficult for ambulances and the police to locate and reach his residence.

Harvel had retired in 1971 and admitted that he did not know the present plans of the fire department for responses to his neighborhood. The Fort Smith Fire Chief said that he had never used Birnie Avenue as a response route and had never heard of its being used as a response route in his 33 years in the department, that there was no need for fire response vehicles to use Birnie between Midland and North 32nd Street, that the equipment approaching Harvel's property would leave Midland at Kelley Highway and proceed on North 32nd Street to Birnie, and that the square corners could be turned without much difficulty. He had been consulted about the effect of the closing by the Planning Director. Some persons who used streets in the area testified that it was easier to enter Midland at intersections controlled by traffic lights than at Birnie where there was no light, and that many people who travelled Birnie actually entered Midland by first going south to Kelley or north two blocks to Johnson, which intersection with Midland was also light-controlled. There was testimony by the city's Director of Planning that it is more desirable that traffic be funnelled to an arterial street via a collector street or another arterial street, rather than by way of a local street, such as Birnie. The Director of Planning and Transportation for the Western Arkansas Planning and Development District testified that it was extremely difficult to enter Midland from Birnie because of the heavy Midland traffic and the difficulty of executing a right hand turn from Birnie because of the angle of intersection.

Appellees are in no better position than were the protestants in *Linn* and *Risser*. Appellees attempt to distinguish *City of Little Rock* v. *Linn,* supra, on the basis that the vacation of the street in that case was under an exception to Ark. Stat. Ann. § 19-3825. This is an incorrect reading of *Linn.* In that case, we held the closing valid under both §§ 19-2304 and 19-3825, the petition for closing having been under both sections.

Assuming that a citizen and taxpayer has standing to at-

tack an ultra vires act of the city, appellees have failed to show that the ordinance was ultra vires. It is true that the city governing board cannot sell, give away or exchange the streets of a city without the consent of abutting owners or without statutory authority and that any attempt to do so is ultra vires. *Beebe* v. *City of Little Rock,* 68 Ark. 39, 56 S.W. 791. But we do not consider that there has been any sale, exchange or gift of the city streets in this case. The abutting owners consented and the city had statutory authority to vacate the street when it was no longer needed for corporate purposes under Ark. Stat. Ann. § 19-2304. In making this determination, the city's governing board had a very wide latitude of discretion. *City of Little Rock* v. *Linn,* supra. We cannot say that this discretion was so abused under the circumstances as to make the ordinance involved ultra vires. While we held in *Risser* that a contract for the permanent abandonment of city streets would be ultra vires, there is no evidence of any contract in this case. A conveyance to the only abutting owner is not prohibited. *Barbee* v. *Carpenter,* 223 Ark. 660, 267 S.W. 2d 768. Nor is a vacation of a street for the benefit of the abutting owner if the street is not needed for corporate purposes. *Kansas City Southern Ry. Co.* v. *City of Ft. Smith,* 228 Ark. 625, 309 S.W. 2d 315; *City of Little Rock* v. *Linn,* supra.

Appellees, however, attempt to extend the rule of *Risser* by their contention that, as beneficiaries of the public trust under which the streets were held by the city, they are entitled to attack the action as a gift of trust property without consideration and in violation of Art. 5 § 21 of the Arkansas Constitution. Mr. Harvel testified that he did not see why the city could not take bids on the portion of the street closed and sell it. It is vigorously argued on his behalf that this should be done and, because it was not done, appellees have standing to challenge the city action. It is also argued that the property should have been devoted to other corporate uses.

This argument is based upon a misconception of the character of the title of the city to the street right-of-way and of its corporate powers. Appellees argue that under Ark. Stat. Ann. § 19-2304, the city could use the lands for other public or municipal objects or purposes, or sell it and use the proceeds for such purposes. Appellees rely heavily upon such

cases as *Goodman* v. *Powell*, 210 Ark. 963, 198 S.W. 2d 199, which only goes to the question of equity jurisdiction in a case involving a public square. It does not support their argument as to standing in this case, however, involving streets dedicated by the filing of a plat and accepted by the city. The property which can be so used or sold is only lands which have been acquired by or donated to the city. The ownership of the fee in the Birnie Avenue right-of-way remained in the abutting owners together with all rights not inconsistent with the public use to which the property was dedicated. *Lincoln Hotel Co.* v. *McGehee,* 181 Ark. 1117, 29 S.W. 2d 668. *Taylor* v. *Armstrong,* 24 Ark. 102; *Town of Hoxie* v. *Gibson,* 150 Ark. 432, 234 S.W. 490. When a city vacates a street in which it has only an easement, it has no further rights in the property. *Kansas City Southern Ry. Co.* v. *City of Ft. Smith,* supra. It cannot be sold by the city but passes to the abutting owners. *Beebe* v. *City of Little Rock,* supra; *Arkansas River Packet Co.* v. *Sorrels,* 50 Ark. 466, 8 S.W. 683; *Town of Hoxie* v. *Gibson,* supra. Neither can the city devote the street to another public use even though the legislature may have attempted to authorize such action, because to do so would impose an additional servitude upon the land in violation of the rights of the abutting owner, who would have the right to enjoin such use. *Lincoln* v. *McGehee Hotel Co.,* supra; *Arkansas River Packet Co.* v. *Sorrels,* supra; *City of Osceola* v. *Haynie,* 147 Ark. 290, 227 S.W. 407. But a non-abutting owner, such as both appellees, could not enjoin the action, unless he could show special and peculiar injury not suffered in common with the general public. *Arkansas River Packet Co.* v. *Sorrels,* supra. See also, *State* v. *City of Marianna,* 183 Ark. 927, 39 S.W. 2d 301. Cf. *Campbell* v. *Ford,* 244 Ark. 1141, 428 S.W. 2d 262; *Adams* v. *Merchants & Planters Bank & Trust Co.,* 226 Ark. 88, 288 S.W. 2d 35.

Since there is no theory upon which appellees had standing to challenge the ordinance in question, the decree is reversed and the cause dismissed.