The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, AR 72936-0280
Dear Senator Walters:
I am writing in response to your request for my opinion on the following questions:
 1. Is the temporary and occasional barricading of a public alley by a city permissible under Arkansas law if the blocking of the road is designed to block vehicle traffic only and not pedestrian traffic?
 2. May the city barricade the alley on a permanent basis as it relates to vehicular traffic but leaving it as a thoroughfare for pedestrian traffic?
The city in question is Ozark, which is categorized as a city of the first class. You indicate in your request that during the holiday season, the city blocks vehicular traffic down a public alley adjacent to a public "pocket park" in order to protect certain decorations. You report that the barricades are in place for several weeks, at the longest.
RESPONSE
Your questions raise a number of factual issues I am unable and unauthorized to address. Accordingly, I will restrict myself in this opinion to setting forth the legal standard the finder of fact should apply in determining whether the city has "vacated" or may "vacate" the alley.
Question 1: Is the temporary and occasional barricading of a public alleyby a city permissible under Arkansas law if the blocking of the road isdesigned to block vehicle traffic only and not pedestrian traffic?
The answer to your question will turn on a review of facts not before me. The finder of fact will initially need to determine whether the temporary blockage amounts to a "vacating" of the alley under state law — i.e., whether the blockage amounts to an abandonment of the alley's former public use. Logic suggests that the barricading constitutes a temporary vacating at least with respect to vehicular traffic. However, I have found no statute or case law that addresses whether a public thoroughfare can be temporarily vacated. The disposition of this question may turn on a determination of whether the alley has traditionally been blocked during holidays. It may also be relevant whether the alley was deeded to the city to be used as desired, in which case a change of use would be permissible, or dedicated for exclusive use as an alley by the filing of a plat. I am neither able nor authorized to address any of these factual issues.
Assuming the barricading amounts to a vacating of the alley, the following statutes will apply in determining whether the vacating is justified. Section 14-54-104 of the Arkansas Code provides in pertinent part:
 In order to better provide for the public welfare, safety, comfort, and convenience of inhabitants of cities of the first class, the following enlarged and additional powers are conferred upon these cities:
* * *
 (2) To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes, and where lands have been acquired or donated to the city for any object or purpose which has become impossible or impracticable to achieve, the lands may be used or devoted for other proper public or corporate purposes or sold by order of the city council and the proceeds applied for public or corporate purposes.
 In Cernauskas v. Fletcher, 211 Ark. 678, 201 S.W.2d 999 (1947), the Supreme Court relied on this statute to affirm a Little Rock ordinance that vacated an alley to allow for the construction of a manufacturing facility. But see Brooksher v. Jones, 238 Ark. 1005, 1008, 386 S.W.2d 253 (1965) ("It would be a strained, if not a dangerous, interpretation of the above section to say it gives a city the right to arbitrarily close a street which is being used by the public.")
Similarly, A.C.A. § 14-54-303 provides:
 In order to better provide for the public welfare, safety, comfort, and convenience of their inhabitants, incorporated towns may alter or change the width or extension of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds, and vacate or lease out such portions thereof as may not for the time being be required for corporation purposes, and, where lands have been acquired or donated to the town for any object or purpose which has become impossible or impracticable to achieve, the lands may be used or devoted for other proper public or corporate purposes or sold by order of the town council and the proceeds applied for public or corporate purposes.
These statutes together define a dual focus for factual inquiry: (1) Is the established use of the alley no longer "required for corporation purposes"? and (2) Assuming the first question is answered in the affirmative, and further assuming the alley has not been irrevocably dedicated for vehicular travel, does the proposed use fulfill a "proper public or corporate purpose"? In addressing these questions, courts frequently inquire into such matters as the term of the initial public use, the volume of traffic on a route, the availability of alternative routes, whether the property was dedicated by the fee owner for a particular purpose,[1] and how directly the proposed alternative use advances public priorities. See, e.g., City of Little Rock v. Linn,245 Ark. 260, 432 S.W.2d 455 (1968) (exhaustively analyzing the facts surrounding the vacating of various alleys in the Heights area of Little Rock to allow for the expansion of facilities in the Holy Souls Catholic Church complex); Kemp v. Simmons, 244 Ark. 1052, 428 S.W.2d 59 (1968) (city had authority to close 200-foot section of road to extend landing strip where only five people and a few hunters used the road and the only damage was a several-mile detour). Any ordinance vacating a street will be upheld on review unless this factual inquiry reveals it to be "unreasonable, arbitrary, oppressive, discriminatory or an unwarranted invasion of private rights." Flake v. Thompson, Inc., 249 Ark. 713, 726,460 S.W.2d 789 (1970).
Finally, I should advise you that only a limited range of individuals may potentially have standing to challenge any ordinance vacating the alley in question. In Linn, the Court discussed the issue of standing as follows:
 There remains, however, the question whether there has been an unwarranted invasion of property rights by the city's action. In matters such as these, a citizen and taxpayer, as such, has no standing to complain. McKnight v. Tate, 222 Ark. 564, 261 S.W.2d 793; Citizens' Pipe Line Co. v. Twin City Pipe Line Co., 178 Ark. 309, 10 S.W.2d 493. In this respect, this case is different from Lancaster v. Incorporated Town of Mountain View, 227 Ark. 596, 300 S.W.2d 603, where citizens and taxpayers joined the Incorporated Town of Mountain View in preventing a private obstruction of public streets. There the citizens and taxpayers were acting in the interest of the town, while they are challenging an act of the municipality here.
* * *
 It has long been recognized, however that relief against the closing of a public way may be given to those who suffer special and peculiar injury distinct from that of the public in general. Wellborn v. Davies, 40 Ark. 83; Arkansas River Packet Co. v. Sorrells, 50 Ark. 466, 8 S.W. 683. This special injury or damage must be such as is not common to the general public and not a matter of general public inconvenience. Before an inconvenience can constitute a special injury or damage it must be one which is different in character and not degree from that which every citizen suffers, whose business or pleasure causes him to travel the way. Wellborn v. Davies, supra; Hot Springs R.R. Co. v. Williamson, 45 Ark. 429; Stoutemeyer v. Sharp, 89 Ark. 175, 116 S.W. 189. In Little Rock Hot Springs W. Ry. Co. v. Newman, 73 Ark. 1, 83 S.W. 653, this court followed definitions of the Supreme Courts of Illinois and Michigan holding that a property owner suffers no special damage where his property is not adjacent to the streets and alleys vacated and the access, ingress and egress from his lot are not affected by the vacation of streets and alleys in another block.
245 Ark. at 174-75. You mention in your request that the alley in question abuts a public park. Under the principle just outlined, it would appear that the only people who might possibly have standing to challenge a vacating of the alley are those who live or have businesses alongside it across from the park. You should be aware, however, that in both Linn
and another 1968 decision, Kemp v. Simmons, 244 Ark. 1052, 1062-63,428 S.W.2d 59 (1968), the Court recited the requirement of abutment to afford standing to a plaintiff and then proceeded to consider the nature and extent of the harm suffered by non-abutting plaintiffs. I am unable to account for this seeming contradiction.
Although I have not found any case law applying the concept of vacating to a temporary abandonment of a public thoroughfare, I suspect an aggrieved plaintiff with standing could invoke it as a basis for relief. If I am wrong in this assumption, your request does not implicate any issue of general law and the following statute would apply:
 Any city of the first class is authorized to perform any function and exercise full legislative power in any and all matters of whatsoever nature pertaining to its municipal affairs including, but not limited to, the power to tax.
A.C.A. § 14-43-602. In City of Fort Smith v. Fort Smith HousingAuthority, 256 Ark. 254, 257, 506 S.W.2d 534 (1974), the Supreme Court ruled that this statute must be read in conjunction with Ark. Const. art. XII, § 4, which prohibits any municipality from enacting any law in conflict with a general law of the state. Assuming the statute on vacating public thoroughfares does not apply, the city should have authority to enact an ordinance closing the alley, subject, of course, to a possible claim by an aggrieved property owner that the ordinance had effected an unconstitutional taking.
Question 2: May the city barricade the alley on a permanent basis as itrelates to vehicular traffic but leaving it as a thoroughfare forpedestrian traffic?
This question clearly implicates the general law regarding the vacating of thoroughfares discussed in the preceding section. In my opinion, a finder of fact would have to consider all of the factual issues discussed above in order to reach a conclusion. Again, I am unable and unauthorized to address these issues here. I advise you to seek local counsel for guidance on both issues.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In Freeze, Mayor v. Jones Harvel, 260 Ark. 193.199-200,539 S.W.2d 425 (1976), the Supreme Court offered the following analysis of the effects of dedication and deeding:
 Appellees argue that under Ark. Stat. Ann. 19-2304 [now A.C.A. § 14-54-104], the city could use the lands for other public or municipal objects or purposes, or sell it and use the proceeds for such purposes. Appellees rely heavily upon such cases as Goodman v. Powell, 210 Ark. 963, 198 S.W.2d 199, which only goes to the question of equity jurisdiction in a case involving a public square. It does not support their argument as to standing in this case, however, involving streets dedicated by the filing of a plat and accepted by the city. The property which can be so used or sold is only lands which have been acquired by or donated to the city. The ownership of the fee in the Birnie Avenue right-of-way remained in the abutting owners together with all rights not inconsistent with the public use to which the property was dedicated. Lincoln Hotel Co. v. McGehee, 181 Ark. 1117, 29 S.W.2d 668; Taylor v. Armstrong, 24 Ark. 102; Town of Hoxie v. Gibson, 150 Ark. 432, 234 S.W. 490. When a city vacates a street in which it has only an easement, it has no further rights in the property. Kansas City Southern Ry. Co. v. City of Ft. Smith, supra. It cannot be sold by the city but passes to the abutting owners. Beebe v. City of Little Rock, supra; Arkansas River Packet Co. v. Sorrels, 50 Ark. 466, 8 S.W. 683; Town of Hoxie v. Gibson, supra. Neither can the city devote the street to another public use even though the legislature may have attempted to authorize such action, because to do so would impose an additional servitude upon the land in violation of the rights of the abutting owner, who would have the right to enjoin such use. Lincoln v. McGehee Hotel Co., supra; Arkansas River Packet Co. v. Sorrels, supra; City of Osceola v. Haynie, 147 Ark. 290, 227 S.W. 407.