2009 Ark. App. 294

**Jerry RILEY, Appellant,**

v.

**TOWN OF HIGGINSON,
et al., Appellees.**

**No. CA 08–1041.**

Court of Appeals of Arkansas.

April 15, 2009.

Lody & Arnold, Attorneys at Law, P.A., by: Wesley G. Lody, Beebe, for appellant.

Millar Gibson, P.A., by: Buck C. Gibson and Winston B. Collier, Searcy, for appellees.

WAYMOND M. BROWN, Judge.

Appellant brought an action against the Town of Higginson and certain officials to have ordinance number 2007–04 repealed. The trial court denied and dismissed appellant's action. Appellant now appeals arguing that the trial court erred in deciding that Arkansas Code Annotated section 14–54–303 (Repl.1998), was controlling for the Town of Higginson, an incorporated town, to vacate a street. We find no error and affirm.

The facts are largely undisputed. The Town of Higginson is an incorporated town. Mill Street is located in Higginson and appellant is a trustee of a trust that owns property abutting Mill Street. In November 2005, appellant received a thirty foot right-of-way across a portion of Mill Street. On September 10, 2007, Higginson adopted ordinance number 2007–04, releasing, vacating, and abandoning its rights in Mill Street. Appellant filed a petition for a writ of mandamus on September 20, 2007, seeking to have the ordinance rescinded. Appellant contended that Higginson failed to follow the requirements set out in Ark.Code Ann. §§ 14–301–301 to –303 (1987), by not obtaining his signature prior to passing ordinance number 2007–04. Appellees answered stating that Higginson's authority to vacate Mill Street came from § 14–54–303, which did not require the signature(s) of abutting landowner(s). The matter was heard on April 2, 2008. Most of the above facts were stipulated to at the hearing.

Randall Homsley testified that he was the mayor of Higginson. He stated that he was familiar with ordinance number 2007–04 because he believed that he proposed the ordinance. According to Homsley, Mill Street was no longer of use to Higginson and it was not necessary for it to remain open. He stated that he had lived in Higginson since 1976 and that since that time Mill Street had "never been a street." Homsley stated that he knew that appellant had property abutting Mill Street but that appellant "had access to his property from other means."

On cross, Homsley stated that Mill Street was a dead-end, which ended at appellant's property. He stated that Higginson had closed other streets that were no longer considered necessary. Homsley said that Mill Street was a grassy street, which to his knowledge, had never been maintained by Higginson as a public right-of-way. He testified that Higginson barely had enough money in its budget for the upkeep of paved streets and that Higginson could not build or maintain a street at the Mill Street location. Homsley stated that he offered to help appellant obtain another right-of-way for access to his property and that appellant did not want it. Homsley said that appellant's property also abutted Dewey Street, which appellant and another landowner successfully petitioned to have closed.

On redirect, Homsley stated that at the time Mill Street was closed, the city council was looking at streets in Higginson that needed to be closed. On re-cross, he reiterated that Mill Street was closed because it was no longer necessary for Higginson in general.

At the conclusion of the hearing, the court allowed appellant thirty days to submit a brief on the matter. Appellees were given ten days subsequent to appellant's brief to reply. On May 27, 2008, the court filed its decree, finding that Ark.Code Ann. § 14–54–303 was controlling, that it stood alone, and that it was not directly dependent on other acts. The court denied and

dismissed appellant's action. This appeal followed.

Ordinance number 2007–04 was enacted pursuant to Ark.Code Ann. § 14–54–303 (Repl.1998). That statute states in pertinent part:

In order to better provide for the public welfare, safety, comfort, and convenience of their inhabitants, incorporated towns may alter or change the width or extension of streets, sidewalks, alley, avenues, parks, wharves, and other public grounds, and vacate or lease out such portions thereof as may not for the time being be required for corporation purposes[.]

We review issues of statutory interpretation de novo, because it is for this court to determine the meaning of a statute. *See, e.g., Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 243 S.W.3d 285 (2006). Regarding our standard of review for statutory construction, our supreme court has said:

The basic rule of statutory construction is to give effect to the intent of the legislature. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. In considering the |₄meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible.

*Id.* at 82, 243 S.W.3d at 291 (citations omitted).

Based on the clear language of § 14–54–303, Higginson had to show that Mill Street was no longer needed for "corporation purposes." Mayor Homsley's testimony satisfied this requirement. Appellant argues that the city council failed to follow the dictates of Ark.Code Ann. §§ 14–301–301 to –303. Section 14–301–301 provides for cities of the first and second class and incorporated towns to vacate public streets and alleys when the street or alley has not been used by the public for a period of five years. Section 14–301–302 provides for a petition to be filed by abutting property owners requesting the vacation of the street. Section 14–301–303, requires the consent of all of the abutting landowners before a street can be vacated. Appellant contends that the trial court should have repealed the ordinance because Higginson did not obtain his written consent prior to vacating Mill Street. This argument is not persuasive.

The supreme court has held that a city's power to vacate a street under § 14–54–104 is not affected by § 14–301–301. *See Brooksher v. Jones,* 238 Ark. 1005, 386 S.W.2d 253 (1965). Additionally, the supreme court has held that § 14–301–303 did not repeal a city's power under § 14–54–104 to close a street. *See Roberts v. Pace,* 230 Ark. 280, 322 S.W.2d 75 (1959). Section 14–54–104 (1987), allows a city to vacate streets, alleys, and other public grounds that are not required for corporate purposes in order to provide for the public |₅welfare, safety, comfort, and convenience of the inhabitants. Section 14–54–303 grants incorporated towns the same power to vacate a street or alley as § 14–54–104 grants to cities. The supreme court has held that a city's power under § 14–54–104 is unaffected by §§ 14–301–301 and 14–301–303. Accordingly, we hold that an incorporated town's ability to vacate a street under § 14–54–303 is independent and that §§ 14–301–301 to –303 have no application when an incorporated town uses its authority under § 14–54–303. Thus, the trial court did not err by finding that § 14–54–303 stood alone and was not

dependent on other acts.[1] Accordingly, we affirm.

Affirmed.

VAUGHT, C.J., and HART, J., agree.

---

1. We are mindful that had appellant argued his right to use Mill Street for ingress and egress was affected, our inquiry would not stop here. Although the Town of Higginson had authority under § 14–54–303 to vacate Mill Street without Riley's consent, it cannot exceed that authority by depriving Riley of his property right of ingress and egress. Our supreme court has held that when a public road is abandoned, it does not affect the private right of the occupants to the use of the abandoned road for purposes of ingress and egress. *Sevener v. Faulkner*, 253 Ark. 649, 488 S.W.2d 316 (1973). A city or town may abandon or vacate the public use of a street, but it may not extinguish without compensation an occupant's property right of ingress and egress. *See Wright v. City of Monticello*, 345 Ark. 420, 47 S.W.3d 851 (2001).